## JAMES M. WILEY et al., Plaintiffs in Error, v. JACOB PLATTER, Defendant in Error.

### ERROR TO MARSHALL.

A court may refuse the continuance of a chancery cause where it appears there is a want of diligence in the party asking the continuance.

A party cannot obtain a continuance, where the original case is ripe for hearing, by filing a cross-bill, and having the same answered, without showing sufficient cause for delay.

If an award is obtained by fraud, or is, for any cause, vicious, it may be set aside upon application in the original suit without recourse to chancery.

THE facts of this case are stated in the opinion of the court.

This cause was heard before LELAND, Judge, at October term, 1853, of the Marshall Circuit Court.

MANNING and MERRIMAN, for Plaintiffs in Error.

N. H. PURPLE, for Defendant in Error.

SKINNER, J.    In 1845, Platter filed his bill in equity against James and John Wiley, for a specific performance of a contract of sale of real estate by the Wileys to Platter.    In 1846 the cause was at issue, and in 1848 it was by agreement of the parties referred to arbitrators, with a stipulation that the award

should be made a rule of court. In 1849 an award was made and filed in the cause, awarding a specific performance of the contract in the bill alleged; and thereupon the defendants moved the court to vacate and set aside the award. In 1851 the complainant filed in the cause a supplemental bill, making one Brooks, a purchaser *pendente lite* from the defendants, a party; which bill was answered and issue joined thereon; and in 1853 the complainant dismissed the supplemental bill. In the meantime the proofs had been taken, and the cause stood for hearing. At the same term of the court at which the supplemental bill was dismissed, the defendants, upon affidavits filed, moved for a continuance of the cause, upon the ground that the complainant, in August, 1850, in his examination as a witness upon a trial of an indictment against the defendants on the charge of forging certain promissory notes, had stated that certain notes shown him, and purporting to have been executed by him to the defendants, and which notes it was alleged the arbitrators found had been paid, were *not* paid; and that they could prove this admission by different persons who heard the same. It also sufficiently appeared that, upon this examination, the complainant insisted that he had paid the defendants for the real estate sold by them to him, and of which sale a specific performance is sought by the bill, and that the notes shown him were forgeries. The court refused the continuance, and the defendants thereupon filed a cross-bill, setting up substantially the same matters of defence as contained in their answers to the original bill and their motion to set aside the award, and alleging as excuse for not before filing the cross-bill, that they were advised that they could test the validity of the award under the supplemental bill, and that they were prevented from doing so by the dismissal of the same. The complainant answered the cross-bill, and the defendants again moved for a continuance, for the same reasons upon which their previous motion was based, and for time to take proofs under the cross-bill. The court refused the continuance, heard the cause, and rendered a decree in pursuance of the award.

The original suit had been pending since 1845, had been at issue since 1846, and no step had been taken to bring on the hearing from the time of filing the award, in February, 1849, until October, 1853. Even admitting that in a chancery suit a refusal to grant a continuance at a subsequent term after issue joined can be assigned for error, yet the court, for want of diligence, properly refused the continuance. *Reece* v. *Darby*, 4 Scam. 159. The fact sought to be established had been known to the defendants since 1850, without any effort to obtain

proof of it; and this delay is not accounted for, nor in any way excused. The complainant had a right to dismiss his supplemental bill, probably improvidently filed, and we cannot see how by any possibility the defendants could be prejudiced by such dismissal. Nor had the defendants a right to a continuance upon filing their cross-bill and the filing of answer thereto. It is evident that the cross-bill was interposed by defendants for delay, and to accomplish what they had failed to do by their previous motion for a continuance. The cross-bill does not make a case entitling the defendants to affirmative relief, but substantially strikes at the award and seeks to avoid and set it aside. If the award was obtained by fraud, or was for any cause vicious, it was competent for the court, upon application in the original suit and proof, to vacate and set it aside. But the defendants, on filing a cross-bill at this stage, could not delay the hearing of the original cause without at least showing some sufficient excuse for the delay. The proper time for filing a cross-bill, when it is necessary, is at the time of answering the original, and before issue joined. At this stage a defendant has a *right* to file his cross-bill and to a stay of proceedings under the original bill, until both can be heard together. And a defendant may at any time file his cross-bill and go to a hearing, without delay, to the complainant, upon bill and answer; but he cannot, after unnecessary delay, and when the original cause is ready for hearing, by interposing a cross-bill, postpone the hearing of the original cause. We are now speaking of the *rights* of a defendant; for the court may, under special circumstances, and for the purpose of finally settling the rights of all parties arising out of the matters of the original suit, at any time before final decree, allow, or even direct, a cross-bill to be filed, and continue the original suit for issue and proofs under the cross-bill. 2 Barbour's Chy. Prac. 129, 130; Story's Eq. Pl. Secs. 395, 396; 1 Smith's Chy. Prac. 460, Chap. 1; 3 Daniel's Chy. Prac. 1744, 1745; Hoffman's Chy. Prac. 352, 353; *White* v. *Buloid*, 2 Page Chy. R. 164; *Gouverneur* v. *Elmendorfe*, 4 John. Chy. R. 357; *Field* v. *Schieffelin*, 7 ibid. 250; *Cartwright* v. *Clark*, 4 Metcalf 104.

For the reasons here given, the decree of the Circuit Court is affirmed.

*Decree affirmed.*