THE CENTRAL MILITARY TRACT RAILROAD COMPANY, Appellant, *v.* WILLIAM SPURCK *et al.*, Appellees.

24  587
26a 638

### APPEAL FROM KNOX.

The measurement of the amount of work done under a contract by the person to whom it was referred by the parties, is, in the absence of fraud, conclusive, and neither party is permitted to show it to be erroneous.

Parties to a written contract are bound by the terms of their agreement, unless fraud is shown.

THIS was an action of assumpsit by appellees against appellant, to recover for work and labor performed under a contract. The facts are fully stated in the opinion.

WALKER, VAN ARMAN & DEXTER, for Appellant.

H. M. WEAD, and JOHN J. WEED, for Appellees.

WALKER, J. This was an action of assumpsit, instituted by Spurck and Hurton, against the Central Military Tract Railroad Company, for work and labor performed under a contract. The declaration contained two special counts on the agreement, and the common counts. The first special count sets out the agreement, and alleges that the appellees had entered upon and performed part of the labor, and that they were ready and willing to have performed the remainder of their part of the contract, according to its terms, but that the appellant, contrary to the agreement, had refused to pay them eighty per cent. of the contract price on the monthly estimates, and refused to allow them to proceed and to finish the work, but hindered, prevented, and discharged them from the same. The second special count, after setting out the agreement, in substance, avers, as a breach, that although the plaintiffs performed a portion of the work, amounting to 21,000 yards of excavation, and were entitled to have it approved and estimated by defendant's engineer, yet the defendant would not, nor did their agent or engineer, approve, accept or estimate the work, but fraudulently refused to do so, at the instance of the defendant. And that the defendant refused to pay 80 per cent. of the monthly estimates, and on the first of April, 1853, discharged plaintiffs from the work, and refused to pay them the contract price for the work performed by them. To this declaration there was filed the general issue, a plea of payment, and a plea that the work was performed under a special contract, alleging its performance by the defendants, and its breach by the plaintiffs, in not performing the required amount of work in each month, and in quitting and abandoning the work before its completion. To these pleas issues were formed, and a trial was had before the court and a jury, which resulted in a verdict in favor of the plaintiffs, for the sum of $939.16. Thereupon defendants entered a motion in arrest of judgment and for a new trial, which were overruled, and judgment entered upon the verdict, from which defendants appeal to this court.

The right of recovery, in this case, by the appellees, depends upon whether the appellants have violated their part of the agreement. If they have performed the agreement on their part, then the appellees have no right to abandon the contract, and sue for the price of the labor performed under it. But if, on the contrary, the appellants have failed to make payments, as stipulated in the contract, or if they discharged appellees, and, without sufficient cause, prevented them from completing their contract, they had the right to abandon it and recover damages for its breach. There was no evidence that the appellants discharged the appellees, but it is contended that the evidence

shows a failure to pay the amount due upon the contract. The evidence shows that appellees were paid the sum of $2,774.40. The evidence of the engineers of the road, showed the excavation, by the appellees, of 18,227 yards, while the testimony of their engineer shows an excavation of 21,000 yards of earth. The appellees' engineer testifies that he made no allowance for washing out of earth at the place from which it was taken, nor for the earth that was misapplied by making the grade wider than the contract called for, or for waste by too great a height. In making the estimates by the engineers of the company, they made these deductions, which accounts for the difference in the estimates. This whole case depends upon the accuracy or binding effect of these estimates, as, if that made by the road is accurate, then the amount paid to appellees was fully as much or more than the eighty per cent. upon all the labor performed; while if the other estimate is to be regarded as correct, the company have not paid that amount, and were in default, and the appellees were justified in abandoning the contract, and were entitled to recover.

The contract contains this stipulation: "If the work is not carried on as fast as contract required, company may enter and take possession, if it shall think fit, and in such case, parties of the first part shall lose the retained (20) per centage." It also contains this provision: "Parties of the first part will do all the work expressed in contract, under direction and to the approval and acceptance of engineer of company, who is to measure work, and upon whose measurement the work is to be paid for by the cubic yard, measured in excavation only." There is no evidence in the case by which it appears that the appellees were progressing with their work according to the agreement; on the contrary, it does appear that they were in arrear with it 49,000 yards on any estimate that was made, when they ceased to carry on the labor. This unquestionably gave the company the right to enter into and take possession of the work, and to retain the twenty per cent. upon the estimates unless they were themselves in arrear in payments, or had failed to perform some other portion of their agreement.

Then what is the effect of the agreement, that the engineer of the company shall measure the work upon which payments are to be made? This agreement, that the engineer of the company shall measure this excavation, is the same as that in the case of *McAvoy* v. *Long*, 13 Ill. R. 147, where it was held, that the measurement by the person to which it was referred, by the parties, is, in the absence of fraud, conclusive upon the parties, and neither is permitted to show it to be erroneous. This doctrine is sustained by the case of *Canal Trustees* v. *Lynch*, 5

Gilm. 521. There is nothing to show that this contract was not fairly and understandingly entered into by the parties. They have, by their agreement, designated the person who shall measure the work, and the court has no power to change their contract, and impose that duty upon any other person. Nor do we discover any evidence tending to show any fraud or unfairness in the measurement of the work, by the engineer of the company. We are also of the opinion that his measurement was the most accurate, as it was made as the work progressed, and before the excavations were enlarged, by the wash occasioned by rains, and before the successors of the appellees had commenced work. There was no authority to estimate excavations produced by the weather, and yet the engineer of appellees included this in his estimate.

It was objected, that the measurements were made by the assistant engineers, and not by the chief engineer of the road. While this is true, the evidence shows that the chief engineer approved and adopted their measurement, and this without any objection on the part of the appellees, so far as appears from the record. If they were dissatisfied with it, they should have objected, or required the chief engineer to make the measurement in person, and the evidence fails to show that they did either. As they received their pay upon the estimates made on these measurements without objection, it would seem that they regarded the measurements as having been made in conformity with the terms of the contract, and they by those acts seem to have given the construction to the contract that a measurement by any engineer of the company, was in compliance with its terms. Had they lacked confidence in the skill or integrity of those who did make the measurement for the company, they would have most unquestionably objected at the time.

Then if the estimate of the engineer of the company was correct, and there had been excavated 18,227 cubic yards of earth, that amount, at nineteen cents per yard, would make the sum of $3,463.13. Then if we deduct $692.62, twenty per cent. of that amount, from it, it leaves $2,770.51, which shows an over-payment by the road, of $3.96 on their contract, at the time appellees abandoned the work. It then follows, that as the appellants had kept and performed their contract, the appellees were not justified in abandoning the work, and consequently had no right to recover; and the judgment of the court below must be reversed, and the cause remanded.

*Judgment reversed.*