Smith v. Smith.

CHARLES P. SMITH, Appellant, v. COONROD SMITH, Appellee.

APPEAL FROM KNOX.

Where an award has been set aside by a court, the matters in difference cannot, without the consent of parties, be referred back to the same arbitrators.

When an award has been set aside, the court proceeds with the case, as if it had never been referred. After an award, unless there is a stipulation otherwise, the power of the arbitrators with the case is at an end.

If a person acts as an arbitrator while he is in a state of intoxication, the award should be set aside for his misbehavior and incompetency.

THIS was an action of debt against Charles P. Smith, at the suit of Coonrod Smith.

No pleadings in the cause.

At October term, A. D. 1858, the following order was made by the court:

COONROD SMITH, }
vs. }
CHARLES P. SMITH. }

This day came the parties and their attorneys, and by agreement on file it is ordered by the court that this suit be referred to John Lafferty, M. Hubbell and John Arnold, for arbitration and adjustment, and they to make out and file their report herein by the first day of the next term of this court, until which time this cause is continued.

At the June term of said court, 1859, plaintiff's attorney moved the court for judgment on the award filed in the cause, and thereupon defendant's attorney entered a cross-motion to set aside said award.

Copy of the award:

STATE OF ILLINOIS, KNOX COUNTY.

COONROD SMITH }
vs. } Debt. Arbitration.
CHARLES P. SMITH. }

We, John Arnold, John Lafferty and M. C. Hubbell, arbitrators appointed in said cause, after being duly sworn, and having heard all the proof of both parties and the argument of counsel, do award and determine that Coonrod Smith shall

recover of Charles P. Smith, and that Charles P. Smith shall pay Coonrod Smith, the sum of two hundred and eighty-four dollars and all the costs of this arbitration and in the Circuit Court.

Given under our hands and seals, this 21st day of December, A. D. 1858.

JOHN ARNOLD.  [SEAL.]
JOHN LAFFERTY.  [SEAL.]
M. C. HUBBELL.  [SEAL.]

Reasons of the defendant for setting aside the award :

1. The arbitrators never made and reported to this court any award according to law.

2. Because the award was not made and reported to this court at the term next after the same was referred to them as required by law.

3. Because the award does not show that the arbitrators were sworn by any officer authorized to administer the oath to them, nor what oath was administered, and what, by the oath taken, they were bound to decide upon.

4. Because no copy of the award was delivered to the parties.

At September term, 1860, it was ordered by the court that the plaintiff's motion for judgment on the award be overruled. And at said term the following order was made : " Ordered by the court that the arbitrators heretofore appointed herein proceed to re-hear the matters submitted to them in this suit, and make a further award herein and report to a subsequent term of this court."

Copy of the second award of said arbitrators :

" We, John Arnold, John Lafferty and M. C. Hubbell, arbitrators appointed in said cause, after having been duly sworn according to law, and having given both parties more than ten days' notice of the time and place of hearing said cause, and after hearing all the evidence of both plaintiff and defendant, who were present with their witnesses before us, and the argument of counsel, we do award and determine that Coonrod Smith shall recover of Charles P. Smith, and that Charles P. Smith shall pay Coonrod Smith, the sum of $350, and all the costs of this arbitration ; and also the said Charles

P. Smith shall pay all costs made in said cause in the Circuit Court of Knox county in said State. (Signed and sealed by the arbitrators.)

At February term of said court, the plaintiff's attorney moved the court for judgment on the award. Court sustained the motion, and gave judgment for plaintiff for $350 debt, and costs of arbitration.

Thereupon the defendant excepted to the rulings of the court, and prayed an appeal to this court.

It appears from the bill of exceptions that the Circuit Court ordered said cause to be recommitted, against the objections of the defendant, to which the defendant excepted.

The defendant below filed his motion to set aside the second award, and his reasons for the same, as follows :

1. Because this cause was once submitted to arbitrators and the award set aside, and the case, over a term afterwards, against the objections of the defendant, was again submitted to the same arbitrators.

2. Because the award now presented by the plaintiff, which he asks judgment upon, was made without authority of law.

3. Because the arbitrators did not give the defendant a copy of the award.

4. Because the award was obtained by undue means, and the arbitrators were guilty of misconduct and misbehavior.

5. Because the award is otherwise insufficient and uncertain.

In support of this motion the defendant filed written affidavits of sundry persons, showing that one of the arbitrators was so drunk during said arbitration that he was wholly unfit to act as an arbitrator, or to transact any business of importance.

The cause was heard before POWELL, Judge.

H. M. WEAD, for Appellant.

MANNING, DOUGLAS & CRAIG, for Appellee.

BREESE, J. Two questions are presented by this record. First, As to the authority of the court, when an award is set aside, to remit the cause to the same arbitrators, against the

protest and consent of one of the parties; and second, is intoxication of an arbitrator, while acting as such, good ground for setting aside an award?

Upon neither point have we any difficulty.

The record shows a case pending between these parties in the Circuit Court, and a submission by them under a rule of court, to three arbitrators. An award was made, which, for reasons shown, was set aside by the court, and, thereupon, without the consent of the defendant, and against his protest, the court referred the case back to the same arbitrators.

This, we think, was irregular. When the award was set aside, all the court had to do was to proceed with the case in court, as that was reinstated by setting aside the award. The rule is universal, if an award is defective and is set aside, the court cannot, without consent, send it back to the arbitrators to amend it. They can only set it aside. There the power of the court ended. Russell on the Powers and Duty of Arbitrators, Sec. 8, page 461. To remedy this, submissions often contain a stipulation, that in the event of either of the parties disputing the validity of the award, or moving the court to set it, or any part of it, aside, the court shall have power to remit the matters referred, or any of them, to the reconsideration and determination of the arbitrators, or such other persons as the court may think fit. Without such a stipulation, when an award is made, the power of the arbitrator is *functus officio.*

In the case of *Fitzgerald* v. *Fitzgerald,* Hardin, 228, the Supreme Court of Kentucky held, when arbitrators had once executed their powers, by making and returning an award, their powers expired and were forever gone, without the express consent of both parties, to recommit the matters in contest to them again.

To the same effect are the cases of *French* v. *Mosely,* 1 Littell, 248; *Lansdale* v. *Kendall,* 4 Dana, 613; *Aldrich* v. *Jessiman,* 8 N. H. 516; *Indiana Central R. R. Co.* v. *Bradley,* 7 Ind. 53; *The Jeffersonville R. R. Co.* v. *Mounts,* ib. 699; *Doke* v. *James et al.,* 4 Comstock, 575, and the cases there cited.

The right of the court to remit a cause decided by arbitra-

tors to them again, without the consent of the parties, has no more foundation than the right to send a cause to arbitration, in the first instance, without their consent.　Great injustice might be done in such cases, as in the interval, one party may have discovered that his rights were not safe with the arbitrators—that they were prejudiced, corrupt or incompetent.

On this second reference, another award was made, against the protest of the defendant, which he moved to set aside on the ground of misbehavior in one of the arbitrators, that misbehavior consisting in his being in a state of intoxication while sitting and acting as arbitrator.

It is a rule that all the arbitrators must act and act together. They must each be present at every meeting, and the witnesses and the parties must be examined in the presence of them all, for the parties are entitled to have recourse to the arguments, experience and judgment of each arbitrator at every stage of the proceedings brought to bear on the minds of his fellow judges, so that by conference they shall mutually assist each other in arriving at a just decision.　Russell on Arbitration, 209.

It follows from this, that each arbitrator must be in full possession of his faculties, his mind unclouded, and his brain undisturbed by intoxicating drinks.　If he loses his reason by being intoxicated, the parties lose the benefit of his suggestions and arguments, or may be. unjustly prejudiced by the reckless character they may assume.　One of them is clearly shown by the proof, to have been in a drunken condition while acting as arbitrator, so drunk as to be *non compos mentis* for that occasion.　The award then was not made by three competent arbitrators, and should have been set aside for the misbehavior which made one of them incompetent.

For these errors the judgment of the court below is reversed.

*Judgment reversed.*