## THOMAS NEWLAN
*v.*
## MARK DUNHAM.

1. PLEADINGS—*evidence—variance.* In a case where an instrument in writing is not declared on as the cause of action, it may, nevertheless, be read in evidence, although it may vary from the averments in the declaration, if it tends to prove the issue.

2. MISTAKE—*measurement of property sold.* Where a party sold a quantity of hay to another, to be paid for at an agreed price per ton, in a particular mode, when the quantity should be ascertained by persons they might choose, and persons were selected and the amount determined and reported by them: *Held,* on a trial in a suit for a breach of the contract, that the defendant could not prove that the persons selected had made a mistake in ascertaining the amount, but their determination might be questioned for fraud. Fraud in an award may be shown either at law or in equity, but mistake is cognizable only in chancery.

3. Even if a mistake could be corrected in an action at law, it would have to appear that the persons making the mistake were misled, deluded, or misapprehended the facts.

4. FRAUD—*evidence.* Where the evidence is admitted as to the basis on which such a calculation is made, the presumption is that it was considered by the jury, and that they determined whether there was so gross a mistake as showed a fraud on the part of the referees.

5. EVIDENCE AS TO-VALUE. It is not error to admit evidence of the value of the property sold, at or near the place of delivery, but not at distant points.

6. SAME—*basis of calculation.* Although a witness may not be required to make a calculation of the number of tons of hay in stack, he may be required to give the basis upon which it was made. If the intention was to show that he was unable to make the estimate, he could be asked if he could make it.

7. CHECKS—*stamps*—*objections not urged on the trial.* Where checks · were offered in evidence that had been tendered under the contract, but did not have attached the required revenue stamps, but no objection was made on that ground, the objection can not be urged for the first time on appeal, when the seller did not refuse them on that ground, but placed the refusal upon the claim that the estimates were not correctly made as to the quantity of the property sold.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

Mr. C. J. METZNER, for the appellant.

Messrs. BOTSFORD & BARRY, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit, brought by appellee in the Kane circuit court, against appellant. A trial was had by the court and a jury, resulting in a verdict and judgment in favor of plaintiff, from which defendant has prosecuted this appeal. It appears that sometime in July, 1870, appellant contracted with appellee to sell him a quantity of hay in the stack, at $7 per ton, and that the parties mutually agreed that Lasher and Lynch should measure and ascertain the amount the lot contained, to be paid for in checks on Coffin & Tallman's bank, one-third in thirty, óne-third in sixty, and the remaining third in ninety days; that the persons selected made the measurement, and determined the stacks contained one hundred and two tons. Appellee testifies that after they had signed the agreement appointing the persons to ascertain the amount, he and appellant agreed that five tons should be deducted on account of an injured spot in one of the stacks. This is denied by appellant.

When the persons selected for the purpose reported the amount the stacks contained, appellee offered checks upon the bank for the sum that ninety-seven tons of hay amounted to at the contract price, but appellant refused to receive them or give him a bill of sale for the hay as requested by appellee.

It is first urged that the court below erred in refusing to exclude plaintiff's evidence from the jury on account of a variance. The declaration avers the purchase of the hay in the stacks at a given price per ton, the amount to be ascertained by measurement made by the persons they chose, and that they ascertained the amount to be ninety-seven tons, whilst their report shows that they found the stacks to contain one hundred and two tons. It will be observed that the certificate of the amount of hay the stacks were found to contain, is not declared on, or even referred to in the declaration. And it has been held that, in such a case, where an instrument in writing is offered in evidence to prove an allegation, a variance can not be relied upon for its rejection if it tends, substantially, to prove the averment. *Prather* v. *Vineyard*, 4 Gilm. 40; *Wheeler* v. *Reed*, 36 Ill. 81. This certificate, with the evidence introduced of the contract of the parties, shows that five tons were to be deducted and the remainder to be paid for, and this, substantially, sustains the averment. Ninety-seven tons were all they found appellee was bound to pay for, although there were one hundred and two tons in the stacks.

It is next urged that the court erred in not permitting appellant to prove that there was a mistake in the computation of the number of tons of hay. In the cases of *Canal Trustees* v. *Lynch*, 5 Gilm. 521, *McAvoy* v. *Long*, 13 Ill. 147, and *Central Military Tract Railroad* v. *Spurck*, 24 Ill. 587, it was held that when parties selected a person to make computations, they were bound by his calculations; that it was, when made, conclusive upon the parties, and could only be impeached or questioned for fraud. But we are referred to the case of *McAuley* v. *Carter*, 22 Ill. 57, as holding that such a calculation or decision may be questioned for fraud or mistake. The rule is, that fraud in an award may be shown either at law or in equity, whilst mistake is only cognizable in the latter forum. A mistake could not be shown in this action, as it was at law. But even if it could be conceded that a mistake could be

shown at law, still there is nothing in this record showing that the persons making the calculation were clearly misled, deluded, or misapprehended the facts.

But whether properly, or not, the court permitted the witnesses to give the basis upon which the computation was made; they stated the height, length and breadth of the stacks, and the number of cubic feet they estimated was contained in a ton. Thus the jury had ample means to determine the accuracy of their calculation, and we will presume they tested its accuracy to determine whether there was any fraud, as the evidence was admitted for that purpose; as, if a gross discrepancy had appeared, the jury might have inferred that the computation was fradulently made.

It is further objected, that the court erred in refusing to permit appellant to prove the market price of hay in Aurora. We perceive no objection to this decision of the court. The question was, what was the hay worth at or near the place where it was to be delivered, and not at distant points. Clintonville, and not Aurora, was the place where the transaction occurred, and where the delivery was to be made, and the price in that neighborhood should have controlled. In this there was no error.

It is also urged, that the court erred in not requiring Lasher, at the instance of appellant, to make the calculation of the amount of hay in the presence of the jury. We know of no rule of evidence that would require a witness to make such a calculation, even where he might be required to state the basis and principles upon which he had conducted his calculation. If it was designed to show that he could not make the estimate, why not ask him if he could have done it? The witness had already stated that Lynch, and not himself, made the calculation; but, even if he had to depend upon Lynch for the purpose, we fail to perceive that it could have affected the rights of appellant, as the estimates were made by the man whom he had chosen, and the parties agreed to abide

the decision of the arbitrators. We can see no force in this objection.

It is also objected, that appellant was not bound to deliver the hay because the checks were not properly stamped. This objection was not urged when they were offered, nor were they refused because they were not certified. The refusal was clear and positive, on the ground that there was more hay than was estimated by the persons to whom it had been referred. It is manifest, from the evidence, that they would have been refused, even had they been properly stamped and certified. If that had been the objection to receiving them, he should have made it when they were tendered. There is nothing in this objection.

Nor do we see any error in instructing the jury. The proper legal principles contained in those refused, were embodied in others that were given, and the other refused instructions, asked by appellant, were improper, and were correctly refused. The evidence warranted the finding, and we find no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*