CHARLES M. SHERFY

*v.*

JAMES M. GRAHAM.

1. ARBITRATORS—*must be governed by the submission.* Where arbitrators consider and pass upon matters not embraced in the submission, and of which they have no jurisdiction, their award can have no binding force.

Arbitrators must be governed by the submission, and all things which they may do outside of and beyond the authority thus conferred are void.

2. SAME—*are judges of law and fact.* Arbitrators, by the submission, become the judges, by the choice of the parties, both of the law and the fact, and there is no appeal or review from or of any decision made by them within the scope of their powers, except for fraud, partiality or misconduct.

3. MISTAKE—*not ground for setting aside award of arbitrators.* A mistake, either of law or of fact, by arbitrators, is not ground for setting aside their award, but a mistake in the draft of the award may be reformed so as to conform to the award actually made by the arbitrators.

4. AWARD—*when it may be set aside.* When the arbitrators refuse to hear, act upon and decide such matters as are embraced in the submission, or go beyond it and exceed their jurisdiction, the award may be set aside.

5. But where the arbitrators have not gone beyond their jurisdiction, and there is no evidence tending to prove fraud, misconduct or partiality on their part, even if they have taken a mistaken view as to the legal liability of the parties upon the facts before them, the award can not be disturbed.

APPEAL from the Circuit Court of Vermilion county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. E. S. TERRY, for the appellant.

Mr. J. B. MANN, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was a bill in equity, to set aside an award. It is alleged that the arbitrators considered and passed upon matters not embraced in the submission, and of which they had no jurisdiction. If this be true, then the award can have no binding force, inasmuch as the arbitrators must be governed by the submission, and all things which they may do outside of and beyond the authority thus conferred, are void. They, by the submission, become judges, by the choice of the parties, both of the law and the fact, and from their decision there is no appeal or review, of any decision made by them within the scope of their powers, unless it be for fraud, par-

tiality or misconduct. *Merritt* v. *Merritt*, 11 Ill. 565; *Ross* v. *Watt*, 16 Ill. 99; *Root* v. *Renwick*, 15 Ill. 461; *Wiley* v. *Platter*, 17 Ill. 538. Nor will a mistake of law or fact by the arbitrators be ground for setting aside an award, but a mistake in the draft of the award may be reformed so as to conform to the award actually made by the arbitrators. *Pulliam* v. *Pensoneau*, 33 Ill. 375: Thus it will be seen that there are but few grounds upon which such a finding may be set aside or reviewed.

But when the arbitrators refuse to hear, act upon and decide such matters as are embraced in the submission, or go beyond it and exceed their jurisdiction, the award may be set aside. Then, did the arbitrators go beyond the powers conferred by the submission in this case, and consider matters not embraced in the submission?

It appears, from the evidence, that defendant deposited with complainant, individually or with the bank of which he was cashier, $2900; that there was entered to his credit on the books of the bank, the sum of $2512.50, which seems to have been checked out by defendant, but the remainder is not shown to have been paid or accounted for by complainant to defendant, and the evidence shows that this latter sum was awarded by the arbitrators against appellant, with interest. He claims that the deposit was made with the bank, and that it alone owed appellee the money, and, in allowing it against him, the arbitrators exceeded their jurisdiction, by allowing against him a claim for which the bank was liable, and which he did not owe, and for which appellee had no claim on him.

On the other hand, the evidence shows that appellee claimed before the arbitrators that the deposit was made with appellant individually, and not with the bank. Then, here was a matter in dispute between the parties, appellee claiming that appellant owed him this money, and the latter claiming that it was the bank that owed it to appellee. This, then, seems to fall clearly within the submission. It was a matter in controversy within the submission, and even if the arbi-

trators took a mistaken view of the legal liability of appellant to pay the money not credited, that would, as we have seen, constitute no ground for impeaching the award. But we are not prepared to hold that the arbitrators were mistaken in their views. If appellee delivered to appellant the $2900, whether to hold individually or as a deposit in the bank, and he has only accounted for $2512.50 by placing that amount to his credit, why is he not liable to account to appellee for the balance, as so much money had and received to his use? But even if he could not have been held liable in an action at law for money had and received, because he received it as an officer of the bank, still he chose his judges, and submitted to them the law and facts in relation to all matters in dispute, of which this was a part, and they having decided against him, he must be bound by the result. We have no doubt the arbitrators, under the terms of the submission, had jurisdiction over this question, it being embraced in the reference, and that we have no power to review the finding of the arbitrators.

There is no evidence tending to prove fraud, misconduct or partiality on the part of the arbitrators, and the decree of the court below is affirmed.

*Decree affirmed.*