## Louisa Novak, Appellant, v. Rochester German Insurance Company, Appellee.

### Gen. No. 15,164.

1. INSURANCE—*effect of delay in objecting to proofs of loss.* Delay in objecting to proofs of loss waives defects in such proofs but does not waive any defense other than the insufficiency of such proofs.

2. ARBITRATION AND AWARD—*what testimony competent to impeach.* The testimony of an appraiser who has not signed the award is competent to impeach the same.

3. ARBITRATION AND AWARD—*what invalidates award.* An award which is signed by two arbitrators without notice to the third and without giving him an opportunity to be present at the execution thereof, is void.

4. RES JUDICATA—*effect of former decision.* A decision rendered by the Appellate Court in one appeal of a cause is the law of the case in a subsequent appeal to the same court of the same cause.

Assumpsit. Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed June 16, 1910.

CHARLES A. BUTLER, for appellant.

EDWIN WHITE MOORE and STEERE, WILLIAMS & STEERE, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

The trial of an action of assumpsit, on a fire insurance policy, before the Municipal Court, without a jury, resulted in a finding and judgment for the defendant, and the plaintiff appealed. The policy sued on was for $1,500, $1,250 on a stock of groceries and $250 on fixtures, and insured against all direct loss or damage by fire. There was another policy for the same amount on the same property, issued by the Buffalo German Insurance Company. A fire occurred January 17, 1904, and the parties were unable to agree on the loss. In each policy is the following provision:

"In the event of disagreement as to the amount of loss,

the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers together shall estimate and appraise the loss, stating separately the sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of such loss."

February 11, 1904, the amount of the loss was by agreement of the parties, pursuant to the provision above set forth, submitted to Herman Miller, chosen by the insured, and David Isaacs, chosen by the insurers. The submission agreement provided that the appraisers should select an umpire; that the award of the appraisers, or any two of them, made in writing pursuant to the submission, should be binding; that in determining the loss the appraisers should make an estimate of the actual cash value of the property before the fire, and in case of depreciation of the property from use, age, condition, location or otherwise, a proper deduction should be made therefor. The appraisers selected T. E. Filbert as umpire, and February 23, 1904, the three examined the property in the premises where the fire occurred. February 27, 1904, Miller and Filbert made and signed an award that the loss to the stock was $1,556.63 and to the fixtures $94.65. March 11 proofs of loss were delivered to the insurers. May 5 the adjuster of defendant wrote plaintiff as follows:

"You will please take notice that the Rochester German Insurance Company excepts to the sufficiency of the proofs of loss and the award had under policy numbered 116,567 on stock of groceries, store furniture and fixtures, situated at 1528 West Twenty-second street, Chicago, Illinois. Said exceptions are (1) the appraisers refused to hear evidence tending to show the condition of the property insured and the amount of damage thereto immediately after the fire; (2) the award was not based on the damage done to the property insured by the fire; (3) the appraisers awarded damage suffered by the property by reason of the extreme

cold, the elements and neglect of the owner of the property subsequent to the fire; (4) the award fails to show the estimate of the actual cash cost of replacing or repairing the injured property, or the actual cash value thereof at and immediately preceding the time of the fire.

"You will also further take notice that the company desires an appraisal under the terms of this policy, and hereby requests such an appraisal as is provided for in the policy and assures you of its readiness and willingness to enter into such an appraisal at any time you may designate."

To entitle the plaintiff to recover she was bound to prove an appraisement and valid award. Niagara Fire Ins. Co. v. Bishop, 154 Ill. 9.

Appellant contends that: "The receipt of the proofs of loss and the award by the appellee without objection for a period of fifty-six days of the sixty days allowed under the policy, is a waiver of any defects therein, and also makes the award and proofs of loss binding on appellee," and cites in support of such contention: P. F. I. Co. v. Pulver, 127 Ill. 246; G. W. & I. Co. v. Staaden, 26 id 360; G. M. L. I. A. v. March, 118 Ill. App. 261. The cases cited only held that by delay in objecting to proofs of loss the insurer may waive defects in such proofs. We know of no case which holds that by such delay the insurer waives any defense other than the insufficiency of such proofs. Preliminary proofs of loss are only evidence of the fact, that the required proofs have been furnished, and are not evidence of the facts contained in them. Ins. Co. v. Schallman, 188 Ill. 213-225.

Isaacs, one of the appraisers, did not sign the award, and his testimony tending to impeach the award was competent. Levine v. Lancashire Ins. Co., 66 Minn. 138. This action was originally brought in the Circuit Court, where the plaintiff had judgment for $830.59, which, on appeal, was reversed by this court at the October term 1905, and the cause remanded. The cause was then transferred to the Municipal Court, and it was stipulated that on the trial in that court the bill of exceptions taken on the former trial might be read as depositions, reserving to each party all objections and excep-

tions thereto. On the trial in the Municipal Court only the evidence given on the former trial was introduced. In the Circuit Court a jury was waived and the court refused to hold the following propositions of law submitted by the defendant:

"IV. The court holds as proposition of law that the appraisers chosen by the parties in this case were obliged to ascertain the loss and damage to the property injured by reason of the fire, and the condition said property was in immediately after the fire and consequent upon the fire alone, and if, between the time of the fire and the time of the appraisal, the property insured suffered damage by reason of frost, or other cause than the fire, the appraisers had no right to take such damage into consideration in making their award, and if said appraisers, in estimating the loss or damage to said property, included injury by frost, said award is invalid.

"V. The court holds as proposition of law that if the appraisement in this case was made a month or more after the time of the fire, and if at the time of said appraisement, and subsequently to the time of the fire, the property which was the subject of the appraisal was injured by frost, and if the appraisers in their award of the loss or damage included such damage by frost, the award is void.

"X. The court holds as proposition of law that if the appraisers in this case estimated the loss or damage to the property solely by its condition at the time of the appraisement, and if between the time of the fire and the time of the appraisement the property had been injured by frost, or by any other cause not connected with the fire, the award is void.

"XV. The court holds as a proposition of law that if the two appraisers who signed the award made and executed the same without notice to the third appraiser, or giving the third appraiser an opportunity to be present at the time of the execution of the award, said award is void."

This court held on the former appeal that the trial court erred in refusing to hold each of said propositions, and for that error the judgment was reversed. The decision of this court on the former appeal is the law of the case on this appeal.

We think that from the evidence the court might properly find that portions of the property insured were damaged by frost between the time of the fire and the time of the appraisal, and that the award includes damage by freezing occurring after the fire, and also, that the two appraisers who signed the award made and executed the same without notice to appraiser Isaacs, or giving him an opportunity to be present at the execution of the award. Such findings under the rules of law announced on the former appeal were fatal to plaintiff's right of recovery. The conclusion thus reached makes it unnecessary to consider the other grounds on which appellee contends the judgment should be affirmed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*