# Anna L. Jones, Appellee, v. James F. Bishop, Administrator, Appellant.

## Gen. No. 25,199.

1. ARBITRATION AND AWARD, § 60*—*how defense of fraud must be raised.* The defense of fraud or misconduct on the part of arbitrators under an arbitration agreement may be made by plea in bar in an action at law brought to enforce the award, and it is unnecessary to resort to a court of chancery.

2. ARBITRATION AND AWARD, § 43*—*when award is void.* Where the arbitrators under an arbitration agreement held several meetings, heard the evidence and received and considered a digest thereof and, without reaching an agreement, adjourned to reconvene later, and thereafter two of such arbitrators met secretly before the date fixed and without notice to the third or giving him opportunity to attend and made an award without consulting him, such award is void and a judgment based thereon cannot stand.

3. ARBITRATION AND AWARD, § 36*—*when award is in excess of submission.* Where an arbitration agreement provides that the arbitrators shall determine what damages, if any, one of the parties had sustained up to the date of the submission by the reason of the falsity of the representations of the other as to the rental which the former would receive from certain property which she

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

had taken in an exchange with the latter, an award which attempts to fix the damages to a date over 3 years after the date of submission and makes no allowance for the future receipt of rents from the property but is based on speculation as to the damages which may accrue in the future from possible loss of rent and assumes that no rent will be received, is in excess of the submission.

Appeal from the Superior Court of Cook county; the Hon. JOSEPH SABATH, Judge, presiding. Heard 'in the Branch Appellate Court at the March term, 1919. Reversed with finding of facts. Opinion filed May 28, 1920.

**Statement by the Court.** This is an appeal from a judgment for $10,511, entered after verdict on January 30, 1919, by the superior court of Cook county against the defendant, as administrator, etc., to be paid in due course of administration. The action is in assumpsit and was commenced on December 19, 1916, against Olof H. Ahlgren in his lifetime. Before trial Ahlgren died and James F. Bishop, administrator, was substituted as defendant. The action is based upon a written award, signed by two or three arbitrators, appointed under an arbitration agreement signed and sealed by the plaintiff and said Ahlgren.

· The arbitration agreement is dated July 14, 1916. It is therein recited, in substance, that on January 17, 1916, Ahlgren and wife conveyed by warranty deed to Anna L. Jones, plaintiff, certain property in the City of Chicago known as 824 and 826 East 39th street, improved by a four-story brick building, in consideration of a deed by Anna L. Jones and husband to Ahlgren of certain real estate situated in the City of Evanston, Illinois; that Anna L. Jones claims that Ahlgren, his agents and representatives, as a part of the consideration of the transfer and as an inducement to make the same, made certain representations to Anna L. Jones, her agents and representatives, as to the rents derived from said 39th street premises, to the effect that the second and third floors of said premises were under lease from October 1, 1914 to October 1,

1919 to Duffy and Patterson at a monthly rental of $225, and that Duffy and Patterson had been and were paying rent at such rate, and that Anna L. Jones relied upon said representations in making said exchange of properties; that she further claims that Duffy and Patterson had not paid any rent for said floors since April, 1915, which was well known to Ahlgren, his agents and representatives, at the time said representations were made to her, and her agents and representatives, and that Duffy and Patterson were unable to pay any part of said rents, and she was compelled to terminate their tenancy and lease of said floors; and that Ahlgren denies that any such representations were made by him, his agents or representatives, and denies that she has sustained any damages. The arbitration agreement then sets forth, in substance, that it is agreed that to avoid a suit said matters in dispute be submitted to arbitration by a board of arbitrators; that each party shall select a person to act as arbitrator, and said two arbitrators shall select a third arbitrator; that said board shall hear and determine all of said matters and that "each witness shall testify in private"; that an award may be reached and made by any two of the arbitrators and such award may be as binding as if the three members had agreed thereto; and that either party shall be privileged to have judgment of the circuit or superior court of Cook county entered upon the award rendered by any two of the arbitrators, pursuant to the submission. The sixth clause of said agreement is as follows:

"6. That the said arbitrators shall pass upon the following questions:

"(a) Were any false statements, or fraudulent representations made by the party of the second part, his agents or representatives to the party of the first part, her agents or representatives, prior to the consummation of the exchange of properties hereinbefore mentioned with reference to the lease of the second and

third floors of the aforesaid premises by the said Duffy and Patterson; and as to whether or not the said Duffy and Patterson had been and were paying rent for said premises at the rate stipulated in said lease, and after the consummation of said transaction whether the said Duffy and Patterson had paid their rent for said premises for the month of February, A. D. 1916, whereby said first party was deceived and suffered loss;

"(b) Whether the said party of the first part has been damaged by any false or fraudulent act or statement of second party or representative if such statements or representations were made, and to what extent she has been so damaged, to state the amount of such damage, and render an award in her favor for the amount so found."

Under the agreement Anna L. Jones selected H. L. Schmitz, and Ahlgren selected L. C. Cooper to act as two of the arbitrators, and they in turn selected George A. Jackson to act as the third arbitrator. Under date of December 7, 1916, Jackson and Schmitz signed and sealed their written award.

In the award it is stated that false statements and fraudulent representations were made by N. P. Severin, agent of Ahlgren, to Herbert D. Jones, agent of Anna L. Jones, prior to the consummation of the exchange of properties, with reference to said lease of said floors of the 39th street premises by said Duffy and Patterson; that said false statements and fraudulent representations were that said Duffy and Patterson had been and were paying rent for said floors at the rate of $225 per month as stipulated in their lease, whereas they had not paid any rent therefor since April, 1915, whereby Anna L. Jones was deceived and suffered loss; that she has been unable to rent said floors except upon a month to month tenancy beginning December 1, 1916, at the rate of $100 per month "for an indefinite period";

"That said Anna L. Jones was to receive the rent

of said premises beginning March 1, 1916, and has been damaged by said false and fraudulent statements and representations in the sum of $9,575, being the amount provided by said lease as the rent of said second and third floors of said premises during the period beginning March 1, 1916, and ending September 30, 1919, less the amount of $100 received by her for the December, 1916, rent; and the said sum of $9,575 is hereby awarded said Anna L. Jones as and for her damages against said Olof H. Ahlgren;

"That said Olof H. Ahlgren may satisfy said damages by paying to said Anna L. Jones on or before December 18, 1916, the said sum of $9,575; or by paying to said Anna L. Jones on or before said date the sum of $2,150 in cash, being the loss of the rent to date, and depositing the balance of $7,425 in escrow with a responsible bank or trust company as security for the loss and damage of said Anna L. Jones from the date of this report to September 30, 1919, to be paid out as hereinafter provided;

"That if the deposit is made by said Olof H. Ahlgren as above provided, then said parties shall have an accounting on the first days of January and July of each year beginning July 1, 1917, until the time provided in said lease shall have elapsed (September 30, 1919); and upon each such accounting the said Anna L. Jones shall be paid out of the amount so deposited by said Olof H. Ahlgren the sum of $1,350 less the total amount of rent which said Anna L. Jones shall have received for said second and third floors of said building during the six months immediately prior to such accounting, and said Olof H. Ahlgren shall be paid on each such accounting the difference between said $1,350 and the amount so paid to Anna L. Jones as herein provided; and that either party shall have the right to procure a tenant or tenants for said floors of said building at the highest rent that may be obtained therefor, and the amount of rent paid by said tenant or tenants to said Anna L. Jones shall be credited to said Olof H. Ahlgren in the accountings to be taken every six months as herein provided."

The declaration consists of four counts. In the first the arbitration agreement and the award are set out *in hæc verba,* and it is alleged that defendant had notice of the award on December 7, 1916, and that, although he was requested on December 16, 1916, to pay said sum of $9,575, or to pay $2,150 in cash and deposit the balance of $7,425 in escrow, according to said award, he has not done either. To all counts the defendant pleaded the general issue and five special pleas. The substance of the amended third special plea is that the three arbitrators, after holding several meetings at which evidence was heard, met again on December 6, 1916, before any award had been reached, and received a digest of the evidence and considered the same, and, without making an award, adjourned to reconvene upon December 13, 1916; that subsequent to December 6 and prior to December 13, Schmitz and Jackson, two of said arbitrators, secretly met and held a session without the presence or knowledge of the third arbitrator, L. C. Cooper, and reached and made the award set up in the first count of the declaration; and that said Cooper was not given any opportunity of being present at said meeting and was not consulted as to the making of said award, and the same was not submitted to him at any time. The substance of the amended fourth special plea is that the award is not based upon the arbitration agreement and does not conform thereto. Replications were filed to all special pleas.

On the trial plaintiff called as witnesses Herbert D. Jones, husband of plaintiff, G. A. Buresh, attorney for plaintiff, and H. L. Schmitz, and the arbitration agreement and the award were admitted in evidence. Subsequently all testimony of Herbert D. Jones was on motion of plaintiff's attorney stricken from the record.

As to the issue made by the amended third special plea and replication thereto, L. C. Cooper, one of the arbitrators, testified in substance that he is an attor-

ney at law; that he was selected to act as arbitrator by Ahlgren; that the last meeting of the arbitrators, at which all were present, was held on December 6, 1916; that at that time he presented to each of the other arbitrators a digest, prepared by him, of the evidence previously taken, bearing on the question of alleged fraudulent representations by Ahlgren or his agent, Severin; that said other arbitrators read said digest, whereupon one of them stated, "I thought there was something more said in regard to that"; that Cooper replied, "If you can find it, I would like to have you"; that said other arbitrators examined the record of the evidence taken and "hunted for some time and found nothing"; that thereupon Jackson said, "It don't make any difference, I think Mrs. Jones got the worst of it"; that Schmitz said that "something ought to be done in regard to the difference in the rent"; that Cooper said that that would be difficult because the lease had a long time to run and might end with no loss; that Jackson said that Ahlgren "ought to do something in that way"; that thereupon Cooper suggested that he (Cooper) would see Ahlgren and find out if he would do anything and report the facts; that both Schmitz and Jackson agreed to this and all agreed that the meeting should be adjourned for one week and until December 13, with the understanding that if Schmitz (who was contemplating going out of town) had not returned by that time, the meeting would be held on December 20, and that the meeting of December 6 was adjourned accordingly, and that he never thereafter saw Schmitz; that nothing was said by any of the arbitrators at said meeting on December 6, or at any prior meeting, about the making of an award or as to any amount to be awarded Mrs. Jones, or about arriving at any decision; that after December 6 he heard nothing further from either of said other arbitrators until December 13, 1916, when he called on Jackson to ascertain if Schmitz was in town and if the

adjourned meeting would be held that day, or on December 20, as agreed; that Jackson said: "We have made an award"; that Cooper expressed surprise; that thereupon Jackson requested Cooper to loan him a copy of the arbitration agreement, saying that he (Jackson) had never had one; that Cooper gave Jackson a copy of the agreement and the interview terminated, and he has never spoken to Jackson since; that Cooper first saw the award, as signed by Schmitz and Jackson, when testifying as a witness upon the present trial; that neither the same, nor any copy thereof, had ever been submitted to him by either Schmitz or Jackson; and that he was never consulted by either of them regarding said award, or given any opportunity by them to consider said award or any award.

In rebuttal, both Jackson and Schmitz testified on behalf of plaintiff. Jackson testified, in substance, that he did not remember the date when the three arbitrators met together for the last time; that he thinks it was on December 7 and not December 6; that his recollection as to what was said at the various meetings is "somewhat hazy"; that at the meeting on December 7 all three arbitrators discussed the case, that something was said about damages and about the amount thereof, that some figuring was done, and that there was some discussion about Cooper seeing Ahlgren and reporting to an adjourned meeting to be held in one or two weeks; that at said meeting he and Schmitz "went to one side and discussed the case in the absence of Cooper"; that he signed the award on December 7; that he did not draft or prepare the award; that "Schmitz and myself agreed on a certain amount"; that he is under the impression that he telephoned the amount to G. A. Buresh, attorney for Mrs. Jones, and said attorney "made out the paper" and sent it to him and he (Jackson) signed it; and that he does not remember whether he gave the information, which he

gave to Buresh, to Cooper or not, or whether the award was ever shown to Cooper before it was delivered to Mrs. Jones. Schmitz testified, in substance, that he does not remember the day in December, 1916, that the three arbitrators last met, but that at that meeting they were in session for a couple of hours and "reviewed the testimony," that some figuring was done as to Mrs. Jones' damages, that nothing was said about meeting again, that no memorandum of an award was made, and that nothing was said regarding who should draft an award; that subsequently Jackson telephoned him and gave him certain figures over the telephone which he agreed to; and that on the same day a man from Buresh's office called on him with an award written out and he read it over and signed it, "without consulting Cooper or anybody else."

The jury returned a verdict finding the issues for plaintiff and assessing her damages at $9,575 "with interest thereon at the rate of 5 per cent per annum from the date thereof." Subsequently defendant's motion for a new trial was overruled, and, on motion of plaintiff and over defendant's objection, the court ordered that said verdict be amended by adding thereto the words "making a total of $10,511," and entered the judgment appealed from.

ARCHIBALD CATTELL and CARL A. WALDRON, for appellant.

G. A. BURESH, for appellee.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

It is contended, in substance, by counsel for defendant that the judgment should be reversed (a) because an adjournment of the meeting of all three arbitrators was taken on December 6 or 7, 1916, to meet again within one week for further proceedings, and during

the interval two of the arbitrators reached a decision and signed an award without consulting the third arbitrator or giving him any opportunity of participating in the proceedings which resulted in such action, and (b) because the award does not conform to the submission.

In Morse on Arbitration and Award (Ed. 1872) the author says on pages 151-152:

"It is an imperative rule that where the submission is to several arbitrators jointly, all must act together during the proceedings. * * * All must be present throughout each and every meeting, equally whether the meeting be for hearing the evidence or arguments of the parties or for consultation or determination of the award. The disputants are entitled to the exercise of the judgment and discretion, and to the benefit of the views, arguments, and influence, of each one of the persons whom they have chosen to judge between them; and they are entitled to these, not only in the award, but at every state of the arbitration." (Citing *Smith v. Smith,* 28 Ill. 56, 60.) "No exception to the general rule obtains even where a statutory provision, or a stipulation in the submission, declares that the award of the majority shall be binding. All must nevertheless meet both for hearing and consultation; and the fact that the hearing or consultation has been conducted in whole or in part by a majority only will suffice to avoid the award. * * * The opinions and arguments of one may have such an effect upon the rest that he will turn them to his view of the case."

In 2 Ruling Case Law, p. 384, sec. 29, it is said:

"Even when it is stated in the agreement of submission that a majority award shall be valid, it is none the less necessary that the arbitrators shall act jointly; that all shall be present, or shall have been given an opportunity to be present, when the award is considered. A party to arbitration proceedings has the right to expect that all the arbitrators will participate in the proceedings. If they are not at least given an opportunity to do so, the award will be invalid in spite of

the fact that it is signed by a number of arbitrators sufficient under the terms of submission." (Citing *Blin v. Hay,* 2 Tyler [Vt.] 304.)

In *Blin v. Hay, supra,* (decided in 1803), a controversy arose between Blin and one Trimble, and by an arbitration agreement it was submitted for decision to five arbitrators with the provision that a finding of a majority of the arbitrators would be binding. Three of the arbitrators signed an award in which it was decided that Trimble should pay Blin a certain sum of money. Blin brought an action in debt on the award against Trimble, who afterwards died and his administrator was substituted as defendant. It was contended that the declaration was faulty because it did not allege that the two arbitrators who did not sign the award were present at the meeting, or notified thereof, when the award was made and signed. The court held that the declaration was insufficient in this regard, saying (p. 309):

"When a person submits a controversy to five arbitrators, he has reason to expect all will be present at the hearing of his cause, or at least that all will be notified of the time and place of meeting; for the absence of one might materially affect the award. His superior judgment in the matter in controversy may have been relied upon by the party in preference to that of all the others, and might have altered the opinion of the others; and although a majority, after a candid discussion, may make the award, yet all the arbitrators * * * ought to be present at the hearing, or at least it should appear that they were notified of the time and place of meeting."

In *Doherty v. Doherty,* 148 Mass. 367, where the submission provided that the award made by a majority of the arbitrators should be final, it appears that the award was signed by only two of the three arbitrators, and that the third arbitrator, being absent from home, did not receive notice of the meeting of the arbitrators until after the same was returned into court and was

not present at said meeting. The court refused to confirm the award and that action was affirmed, the Supreme Court saying (p. 368) that the award "was not the result of deliberation by all the arbitrators, and that one of the arbitrators had no opportunity to consider it. Although the submission provides that the award of the majority shall be final, yet all must meet in consultation upon the decision, unless, indeed, one refuses after notice to attend, because if the absent arbitrator had been present 'he might have drawn his brethren to a different opinion.' "

In *Novak v. Rochester German Ins. Co.*, 156 Ill. App. 352, it appears that an action in assumpsit was originally brought in the circuit court of Cook county on an award made pursuant to an arbitration agreement contained in a fire insurance policy; that the parties had been unable to agree upon the amount of a loss occasioned by a fire; that the policy provided in case of such a disagreement the loss should be determined by appraisers, one selected by the insured and the other by the insurer, who should select a disinterested umpire, and the award in writing of any two should determine the amount of the loss; that the insured chose one Miller and the insurer one Isaacs to act as appraisers, and they selected one Filbert as umpire; that the three examined the property in the premises where the fire had occurred; that 4 days later Miller and Filbert signed an award in favor of the insured, but Isaacs did not sign the same; and that the insurer excepted to the sufficiency of the award and refused to pay it. At the trial in the circuit court without a jury there was a finding and judgment for plaintiff. The court refused to hold as law four propositions which were submitted by the defendant, one of which was that "if the two appraisers who signed the award made and executed the same without notice to the third appraiser, or giving the third appraiser an opportunity to be present at the time of the execution of the award,

said award is void." On appeal this Appellate Court
held that the trial court erred in refusing to hold each
of said four propositions and on that account the judg-
ment of the circuit court was reversed and the cause
remanded. After redocketing, the cause was trans-
ferred to the municipal court of Chicago, and it was
stipulated on the trial in that court that the bill of ex-
ceptions taken on the former trial might be read as
depositions. On this second trial, without a jury, only
the evidence given on the former trial was introduced,
and there was a finding and judgment for the defend-
ant. On the second appeal this Appellate Court af-
firmed this judgment, holding that the decision on the
former appeal, as to said four propositions of law, was
the law of the case on said second appeal. (See also
*Bannister v. Read,* 6 Ill. [1 Gilm.] 92, 102; *Smith v.
Smith,* 28 Ill. 56, 60; *Vessel Owners' Towing Co.
v. Taylor,* 126 Ill. 250, 259.)

And it appears to be the law of this State that the
defense of fraud or misconduct on the part of the arbi-
trators may be made by plea in bar in an action at law
brought to enforce the award, and that it is unneces-
sary to resort to a court of chancery. (*Wiley v. Plat-
ter,* 17 Ill. 538, 540; *Newlan v. Dunham,* 60 Ill. 233, 235;
*Alexander v. Cunningham,* 111 Ill. 511, 517.) In
the *Alexander* case, it is said: "We do not deem it
necessary to enter upon an examination of cases cited
by counsel for appellants holding a rule different from
that laid down in *Elmendorf v. Harris, supra.*" (23
Wend. [N. Y.] 628.) "Very many and respectable
courts have held that the objection of a want of notice
in such cases cannot be raised by plea in bar, but that
it can only be urged by bill in equity or motion to set
aside the award. * * * But, as has been seen, this
court in *Ingraham v. Whitmore, supra*" (75 Ill. 24),
"is committed to the doctrine of *Elmendorf v. Harris,*
which holds the award absolutely void where there is
want of notice of hearing." (See also *Graham v.*

*Woodhall,* 86 Ala. 313, 314.) In the case of *Elmendorf v. Harris,* referred to, it is said (p. 633): "Why should the party against whom the award is made be compelled to go into a court of chancery for relief, instead of defending himself against the void award in the action brought thereon in a court of law? The validity of the award in such a case is purely a legal question, proceeding upon the ground that it was not within the power of the arbitrator to make the award without hearing of the parties, and I am of the opinion that the defendant had a right to set up this objection to the award in the court of law; although perhaps the court of chancery, upon the authority of some of the cases cited on the argument, might have had concurrent jurisdiction."

Under the facts of this case, as to the manner in which the award of the two arbitrators was made and the time when made, without consultation with, or notice to, the third arbitrator, as disclosed by the testimony of the various witnesses (outlined in the above statement of the case), and under the law, we are of the opinion that the award is void and that any judgment based thereon cannot stand.

As to counsel's point, secondly above mentioned, that the award does not conform to the submission, it is said in *Taylor v. Scott, Foresman & Co.,* 178 Ill. App. 487, 498: "As a general rule, an award of arbitrators, in order to be binding, must follow the contract of submission as made by the parties. It is not for a board of arbitrators to change the terms of the submission or to determine any matter not therein contained. Their sole authority is the contract of submission. If the award is broader or narrower than the submission, the whole award is void." This seems to be the settled law of this State. (*McDonald v. Bacon,* 3 Scam. 428; *Buntain v. Curtis,* 27 Ill. 374, 377; *Alfred v. Kankakee & S. W. R. Co.,* 92 Ill. 609, 611; *Snead & Co. Iron Works v. Merchants' Loan & Trust*

*Co.,* 225 Ill. 442, 454; *Clark v. Courter,* 280 Ill. 590, 604.) Under section 6 of the arbitration agreement in the present case the arbitrators were asked to first determine, in substance, whether any false representations had been made by Ahlgren or his agents as to rent payments by Duffy and Patterson, and, if they so found, to secondly determine to what extent Mrs. Jones had been damaged thereby, and to render an award for the amount so found. As we construe this submission it means that the arbitrators were to determine what damages, if any, Mrs. Jones had sustained up to the time of the submission, July 14, 1916. But in the award as rendered, Ahlgren was charged, as damages, for the entire rent of the premises at $225 per month, as stipulated in the Duffy and Patterson lease, from March 1, 1916, up to and including September 30, *1919,* or $9,675, less $100 received by Mrs. Jones for rent of the premises for the month of December, 1916, or the net sum of $9,575. And it is stated in the award, made in December, 1916, that this $100 was received upon a month to month tenancy beginning December 1, 1916, ''for an indefinite period.'' It thus appears that the two arbitrators, in fixing the amount of the award, made no allowance for any future receipts for rent, and that they speculated as to what Mrs. Jones' damage *might* be in the future from possible loss of rent, and on the assumption that she would receive no rent for said premises. In our opinion such an award is not justified by the terms of the submission.

In view of our holdings it is unnecessary for us to consider the other points raised by counsel for defendant as grounds for reversal.

For the reasons indicated the judgment of the superior court is reversed.

*Reversed without remanding with finding of facts.*

MR. PRESIDING JUSTICE MATCHETT and MR. JUSTICE BARNES concur.

Finding of facts. We find as ultimate facts in this case that after the three arbitrators had adjourned their meeting on December 6 or 7, 1916, to meet at a future date, two of said arbitrators reached a decision and signed the award in question, without consulting with the third arbitrator, or giving him any notice or opportunity of participating in the proceedings which resulted in the signing and delivering of said award, and that said award is void and of no effect.