AMOS WHITTEMORE, Appellant, *v.* JOHN MASON, Appellee.

### APPEAL FROM BUREAU.

Where upon a submission to arbitrators, they were called upon to decide to whom a portion of a fence belonged, and they decided that one of the parties might take away the rails and stakes that were put into the fence by one M. *Held*, that such an award was sufficiently certain, as it provided a test, by which the property of each could be ascertained.

THE opinion contains all that is requisite, to give a full understanding of the question decided.

The cause was tried before LELAND, Judge, at October term, 1852, of the Bureau Circuit Court, and a judgment was rendered sustaining the award. Whittemore, the plaintiff in the suit below, appealed.

B. C. COOK, and M. T. PETERS, for appellant.

T. S. DICKEY, for appellee.

TREAT, C. J. An objection is taken to that part of the award which relates to the division fence between the parties. The award in this respect is alleged to be uncertain and indefinite. The arbitrators decided that the north half of the fence should be made and maintained by the plaintiff, and the other half by the defendant. So far, the award is certain and explicit. There was already a fence on the same line. A part of the north half was originally built by Magoon, the grantor of the defendant; and the plaintiff subsequently put rails and stakes upon it. The arbitrators were called on to determine to whom this portion of the fence belonged. They decided that the defendant might take away the rails and stakes that were put into the fence by Magoon. The effect of this decision was to give the plaintiff the residue. It is insisted that the award is defective, in not specifying what rails the defendant might remove. We are inclined to hold that it is sufficiently certain. It is as much so as the nature of the case admits. The fence was claimed by both parties; and the arbitrators determined that each should have the rails that he had put into it. They established the rights of the parties, and provided a test by which the property of each could be ascertained. It is possible that some difficulty may arise in identifying the rails; but it is incident to property thus situated. The arbitrators could not

well have made the award more definite, and at the same time have given the parties the property which they had contributed. It was not their duty to set apart to each the rails he had furnished. It was enough to decide to whom the rails belonged, and leave the parties to identify and recover them. This they have done, and the award must be upheld. There is nothing left but a mere question of identity, and a test is provided by which to determine it. It is not the case of a confusion of goods, for the rails of each can be distinguished and reclaimed. Nor is it like the case of an award for the payment of money, or the doing of a particular act. The amount of money must be stated, and the act designated, so that the party may certainly know what he is required to perform. It is in the power of arbitrators to make such an award specific and certain. It could not be done in a case like the present. The subject-matter of the controversy would not allow it. The award could not give the parties the rails they had respectively put in the fence, without leaving the question of identity open.

The judgment is affirmed.

*Judgment affirmed.*