THE ALTON, MOUNT CARMEL, AND NEW ALBANY RAILROAD COMPANY, Plaintiff in Error, v. JAMES B. NORTHCOTT, Defendant in Error.

### ERROR TO EDWARDS.

A witness should not testify touching the construction of a contract; if a question arises as to its meaning, the question must be settled by the court.

Where the parties to a contract stipulate that a particular person shall estimate the work to be done under it, his estimate will bind the parties, unless it is based on an erroneous view of the contract; if so, it will not conclude them.

THIS cause was tried before MARSHALL, Judge, and a jury, at August term, 1852, of the Edwards Circuit Court. Verdict and judgment for the plaintiff in the court below. The railroad company sued out this writ of error.

W. H. UNDERWOOD and E. BEECHER, for plaintiff in error.

C. CONSTABLE, for defendant in error.

TREAT, C. J. This was an action of assumpsit, brought by Northcott against The Alton, Mt. Carmel, and New Albany Railroad Company. On the trial, the plaintiff read in evidence a written contract between the parties. It required the plaintiff to perform certain work on the road of the defendant; and it provided that the work should be estimated every sixty days by the superintendent of the road, and that the defendant should promptly pay four fifths of the value of the work estimated. The plaintiff then read in evidence an estimate of the superintendent, showing a balance due the plaintiff of $714.80, after deducting one fifth as retained percentage. The estimate was, of 1,300 cross ties. The contract required them to be "one foot face, thickness eight inches heart wood." The plaintiff then introduced the superintendent, who testified that he made the estimate. On cross-examination, he stated that of the 1,300 ties included in the estimate, only about 500 would face twelve inches on two sides, and eight inches on the other sides; that nearly all of the others were sixteen inches on one side, and eight inches thick in the middle, of heart wood, but they would not face twelve inches on two sides. The plaintiff then asked the witness if the ties, according to the usage of engineers, were suitable for the purpose for which they were intended, and a compliance with the terms of the contract. The defendant objected to the question, but the court overruled the objection, and the witness answered in the affirmative. The jury returned a verdict for the plaintiff for $714.80, and the court rendered judgment thereon.

The court erred in permitting the witness to answer the question objected to. It involved a construction of the contract. That was a matter for the consideration of the court, and not of the witness. It was the province of the witness to state facts, and that of the jury to determine whether the contract had been complied with. It was the duty of the superintendent to estimate the work according to the terms of the contract. Such an estimate would bind the parties, for they had stipulated that the work should be measured by him. But an estimate based on an erroneous view of the contract, would not conclude them. McAvoy v. Long, 13 Illinois, 147. There is no difficulty in ascertaining the intentions of the parties. The language of the contract is plain and explicit. The ties are to be twelve inches in width, and eight inches in depth; in other words, they are to face twelve inches on two sides, and be eight inches thick. The plaintiff has not performed the contract, unless he has furnished ties of this description. The witness testified that the greater portion of the ties did not

answer the description; and yet he expressed the opinion that the plaintiff had fulfilled the contract.  ·It is not competent for a witness to state that a contract has been performed.  He must speak of facts within his knowledge, and leave the jury to settle the question of performance.  If a question arises as to the meaning of a contract, it is to be determined by the court.  And the jury, acting upon the construction thus given, are to decide from the facts and circumstances before them whether the contract has been complied with.  This case forcibly illustrates the propriety of the rule.  The witness was allowed to give an opinion upon the question, whether the contract had been performed.  He clearly mistook its true meaning, and thus misled the jury.  The corporation had a right to insist upon a full performance of the contract.  It was entitled to ties of the kind described in the contract.  The real inquiry was, did the ties in question answer the description; not, whether they were equivalent in value, or as suitable for the purpose intended.  See Taylor *v.* Beck, 13 Illinois, 376.

The judgment is reversed, and the cause remanded.

*Judgment reversed.*