JOHN A. HOLMES *versus* FRANCIS O. J. SMITH.

Assumpsit will not lie upon an award made in pursuance of a submission *under seal.*

ON EXCEPTIONS, by the defendant, to rulings of DAVIS, J.
The case is stated in the opinion.

The case was elaborately argued by

*F. O. J. Smith, pro se,* in support of the exceptions, and by

*E. Fox and Shepley & Dana, contra.*

The opinion of the Court was drawn up by

CUTTING, J. — The writ, dated Feb. 10th, 1859, discloses "an action of *assumpsit,* upon an account annexed, with general money and labor counts."

The most prominent question presented, is, whether the plaintiff can recover in that form of action.

It appears that, in 1853, the parties entered into a verbal contract, (they never having executed the draft for contract) by which the plaintiff was to do all the work and, in every respect, complete the road bed of the Buckfield Branch Railroad, from the depot, in Buckfield, to the Androscoggin river, at Canton point, with certain exceptions not necessary here to mention ; *that,* subsequently, the plaintiff fulfilled the contract in full or in part, and that certain controversies and disagreements arose between the parties, as to the character of the labor performed, and its value, &c. ; *that* afterwards, on July 3d, 1854, by an agreement, executed under their hands and seals, the subject matters in dispute were referred to *Asa P. Robinson, Esq.,* whose award, on its rendition, was to "be executed by each party to the other" ; *that Robinson* heard the parties, and, without arriving at any definite conclusion, reported to each his views upon the evidence submitted, together with such facts as were within

his own personal knowledge, for the purpose, as he says, of producing an amicable settlement; concluding his primary *report* as follows, viz. : — "Having *thus far* analyzed this difference and expressed my opinions fairly and frankly, and impartially, upon the principles which would govern me in deciding the matter, I deem it but proper to *send it back* to the parties for their consideration, in the hope they may be able to agree without further reference to me, but, if knowing my opinions as above expessed, they still insist upon *resubmitting* to me for a decision, I am ready to go further."

And the arbitrator further states, *that* — "On the 15th day of April, (1856,) the foregoing report was by consent delivered to the parties personally, and, on the 16th, *resubmitted* to me, for further determination," by agreement of the parties, as follows : —

"1st. Let Mr. Robinson decide, upon the knowledge he has of the agreement and intentions of the parties, as reported by him, what, if any, valuation should be made in the *cash price* for the work, not including profits, from that originally inserted by him in the draft for contract, and on the admission that payments are made in cash as fast as estimates are furnished.

"2d. What, if any, enlargement of the quantities reported by Stephenson, of rock and loose rock and earth should be made, and upon what evidence in error in Stephenson's report.

"3d. What the quantities found, on the prices decided on, amounts to, to be accounted for by *Smith* to *Holmes*, leaving them to adjust and apply the payments made."

And it further appears *that*, upon the authority thus conferred, the arbitrator made his final report, which was the basis of the verdict rendered, the Judge ruling, as the plaintiff contended, that it was final and conclusive, subject only to be impeached for fraud.

Upon the foregoing statement in brief, abstracted from the voluminous documents presented, we are to determine

whether the present action of *assumpsit* on the general counts can be maintained against the seasonable objection of the defendant.

Except for the intervention of the special agreement, to refer, an action of assumpsit would lie, but that specialty, having created a *superior* security, suspends the *inferior* during its continuance. An action of assumpsit will not lie on a covenant of seizin in a deed, to recover money paid; or on the breach of the poor debtor's bond; or on an original promise after the same has ripened into a judgment. It is well understood by all accurate pleaders, that an original cause of action may be merged in one of a higher nature or degree, otherwise two suits might be maintained and judgments recovered on the same original claim. Without further remarks as to the expediency of the right form of action, we refer the inquisitive mind to the case of *Richards* v. *Killam*, 10 Mass., 243.

Had an action for *covenant broken* been brought on the special agreement to refer and abide, we perceive no sufficient reason why the plaintiff should not have recovered in damages as awarded, provided the award was final and conclusive, as ruled by the Judge; otherwise exceptions were well taken in that particular.

The true rule as to the form of the action, disclosed by the authorities, is this:—"If the submission be by bond, the prevailing party may have an action of debt on the bond; *if by other deed*, he may have covenant; *if by instrument* not under seal, or by parol, he may have *assumpsit* on the submission." 2 Petersdorff's Abr., 219, note.

But it may be remarked that we do not understand the plaintiff's counsel to contend against the force of many of the preceding propositions. Their first proposition is that, "where matters of account in dispute are submitted to arbitration, but not by bond, and the arbitrator made an award, the plaintiff may give the sum awarded in evidence on the common counts in *assumpsit* without a special count, though the sum has been given in under a Judge's order,"—citing

*Keen* v. *Balshore*, 1 Esp. R., 194. We are under no necessity of questioning that ancient authority, for it is not in conflict with any modern principle or rule of law. A simple award without an antecedent bond, or a special agreement, or "other deed" to abide, can be considered no more than an assessment of damages preliminary to the commencement of the action, which would in no way affect or destroy the original cause. And the question still returns, was the contract to refer, a simple or special one?

*Secondly*, it is contended that the agreement to refer was a simple contract, for, say the counsel, "the written agreement of the parties *under seal* was *modified* by a subsequent agreement *not under seal*." Thus reducing the special to a simple contract on which the prevailing party may have *assumpsit*. Can such a proposition be sustained by the evidence?

It appears that the document embracing the submission, and modification (so called) and the award, was introduced by the plaintiff under rulings, if the case is correctly reported, somewhat objectionable; for the whole history relating to the contracts and the prior proceedings of the parties is proved *secondarily* by the report of the arbitrator. But being now before us, they are to receive a construction. And no one, after reading the arbitrator's report and final award, can arrive at any conclusion other than that his jurisdiction was conferred by the *special* agreement of the parties, and that the "*resubmitting*" was for the express purpose of enabling the arbitrator "*to go further*" and decide upon his own *personal* knowledge as communicated to them respectively. The subsequent modification, if any, was as to the matter of evidence, rather than as to any deviation from the parties' original intention of having the controversy adjudicated and settled, with, perhaps, this exception, "leaving them to adjust and apply the payments made."

The term modification, as used by the plaintiff's counsel, may have been very appropriate, but, at the same time, suicidal, for a contract modified still remains in force, subject

to the modification, whereas, nothing short of a rescission would answer the plaintiff's purpose.

It is further contended that the award was incomplete, inasmuch as it does not settle the whole controversy so that an action of debt or covenant could be brought upon it. But in our opinion the award did settle the whole controversy, if the subsequent rulings of the Judge were correct, subject only to be reduced by the defendant in either form of action, on the original agreement to refer and abide, by showing his payments. But we do not understand that if the award had been perfect in every particular, that either an action of debt or covenant broken, would lie based on the award itself, to enforce its performance. It was not a judgment, and it possessed in itself no germinating element; the germ was in the agreement to perform, which, if by a *specialty*, might disclose itself in an action of *covenant broken*, if by parol or a simple contract, in *assumpsit*. Hence, we recognize the harmony and the justice of the rule before cited as embracing the whole law upon this subject. So has it been determined heretofore. *Bowes* v. *French*, 11 Maine, 182; *Tullis* v. *Sewall*, 3 Ham., (Ohio,) 510. *Exceptions sustained.— Verdict set aside, — and a new trial granted.*

TENNEY, C. J., and APPLETON, MAY and GOODENOW, JJ., concurred.

DAVIS, J., dissenting. — The writ in this case contains the common counts for work and labor, and also a count for certain specified services, at given prices, "according to the award of A. P. Robinson." The only plea is the general issue. It is too late, after a verdict, to object to the sufficiency of the declaration, as upon both the award and the original cause of action.

The submission was by *deed*. Can *assumpsit* be maintained upon the *award?*

Where there have been a submission and an award at common law, a party often has his choice of several reme-

dies.   If the submission is by a bond, *with a penalty*, *debt* will lie, either on the submission or on the award.   If the submission is by other deed, *covenant* will lie on the submis-. sion, or *debt* on the award.   If the submission is by parol, or by a writing not under seal, *assumpsit* will lie, on the submission, or on the award.   2 Greenl. Ev., 69, 70.   But will not assumpsit lie on the *award*, in all cases?

No English case has been cited in which this question has been directly decided.   In 2 Petersdorff, 221, note, it is said that assumpsit will always lie on the *award*, whether the submission is by deed or otherwise; but no case is cited to sustain the proposition.

A similar suggestion is made in *Piersons* v. *Hobbs*, 33 N. H., 264.

In *Bowes* v. *French*, 11 Maine, 182, it seems to have been held that assumpsit will not lie in such a case.   But the case was determined on other grounds, and is not decisive as an authority.

The case of *Tullis* v. *Sewall*, 3 Hammond, (Ohio,) 510, was there cited in argument, as it is also in the case at bar. But in that case no authorities are cited, though the opinion of the Court is direct, and the question is well considered. The decision is placed on two grounds.

In every action upon an award, it is necessary to allege, and prove, a submission.   Therefore it is insisted that the action is upon the *submission* as well as upon the *award;* and that the form of the action must conform to the submission.

And, because the allegation of a submission must be *proved*, it is said that *the making of a deed* is put in issue, which cannot be done by the plea of *non assumpsit*.   "Neither the declaration, nor the plea, would present the real foundation of the action."   "When the declaration is *in debt*, the defendant can plead no other general issue that will control the submission but *non est factum;* for the plea of *no such award* would admit the submission."

The same error underlies both of these propositions.   A

suit upon an *award* is not a suit upon the *submission*. The authority of the arbitrators is alleged generally; and the submission is merely *inducement* to the action. If the action is *debt*, the defendant may call in question the authority of the arbitrators under the plea of *nil debit*. "Whenever the deed or record is but inducement to the action, and matter of fact the foundation, *nil debit* is a good plea." *Bean* v. *Farnham*, 6 Pick., 269.

It is no anomaly, as is suggested, for a party to be obliged to prove a deed, or a judgment, upon the plea of *non assumpsit*. In a suit for rent reserved by a deed poll, to be paid by the grantee, the plaintiff must prove the execution and acceptance of the deed, upon the general issue in an action of assumpsit. *Gardiner* v. *Gilbert*, 9 Mass., 510; *Guild* v. *Leonard*, 18 Pick., 511. So assumpsit will lie on a foreign judgment, and the jurisdiction of the Court be a matter of inquiry upon a plea of *non assumpsit*. *Buttrick* v. *Allen*, 8 Mass., 273. In no case is it any objection to the maintenance of assumpsit that the evidence to sustain it is a deed, if such deed is not the foundation of the suit. *Hoyt* v. *Wilkinson*, 10 Pick., 31; *Willoughby* v. *Spear*, 4 Bibb, 397. And in the case, *Bean* v. *Farnham*, 6 Pick., 269, previously cited, it was held that, in a suit upon an *award*, the *submission* is not the foundation of the action, *but only matter of inducement to it*. It must be proved, in order to show the authority of the arbitrators, such authority not being presumed without proof. But their authority being proved, in whatever way conferred, the award imposes a duty from which a promise is implied, according to well settled principles of law.

But it is not necessary, in deciding this case, that we should come to such a conclusion; for, after there had been a partial hearing, the submission was so modified by the parties that no action could be maintained upon it.

There had been labor performed, and payments therefor had been made to the amount of many thousands of dollars. The parties submitted the amount of *each* to the arbitrator,

covenanting "to pay or secure the balance" he should find to be due from one to the other. On this no action would lie but that of covenant.

The arbitrator reported a statement of facts, but declined to make any award. There the matter would have ended.

But the parties returned the submission to him, modified by a writing, not under seal, so that he was no longer authorized to determine the case between them, and find the balance due from one to the other; but he was authorized to determine the amount and price of the labor, "leaving the parties to adjust the payments," &c.

By this modification, the covenants of the parties in the original submission, "to pay or secure the balance" determined to be due, *was entirely vacated and annulled;* for the arbitrator no longer had any authority to find any balance. He was merely to determine and state one side of an account. It is manifest that no action of *covenant* would any longer lie on the submission. As it was not a bond, with a penalty, no action of *debt* would lie upon it. Such a case comes clearly within the rule laid down in the case of *Mill Dam Foundry* v. *Hovey,* 21 Pick., 417, — that, whenever a specialty is so modified by a simple contract that *covenant* will not lie, *assumpsit* may be maintained, using both the specialty, and the modification, as evidence in support of it. "The rule is well settled," says Pierpont, J., in *Briggs* v. *Vermont Railroad Co.,* 31 Verm., 211, "that, when a contract under seal is altered by the parties by a writing not under seal, or by a parol agreement, the whole becomes a simple written or verbal contract; and the rights, liabilities, and remedies of the parties are thenceforward to be determined by the same rules as are applicable to simple contracts."

As the arbitrator had no authority to find any *balance due* from one to the other, or to award that one *should pay* any sum to the other, the submission and award, giving them their utmost force, amounted to no more than an agreement of the parties, under seal, that the amount due from the de-

fendant to the plaintiff was a given sum, but containing no express promise to pay it. Where there is such an agreement, it may be used to support an action of assumpsit. *Hoyt* v. *Wilkinson*, 10 Pick., 31; *Miltenberger* v. *Schlegel*, 7 Barr., 241.

In fact, the award in this case, not being that one *should pay* a sum to the other, (the arbitrator having no authority to make such an award,) was in effect the statement of an account. Such an award does not merge the original cause of action; but assumpsit may be maintained upon it, and the award used in evidence to support it. *Bates* v. *Curtis*, 21 Pick., 247; *Kingston* v. *Phelps*, *per* KENYON, Peake's Cas., 228; 2 Greenl. Ev., 81.

It is suggested that the *report* of the arbitrator, made previous to his award, containing a detailed statement of facts, was improperly admitted in evidence. None of the facts stated were submitted to the jury. But it will be seen, on examining the exceptions, that no objection was made to the *admission* of this evidence. After it had been admitted, "the defendant objected to the *competency* of the evidence to maintain the action." And though there appears to have been a ruling that it was "admissible," no objection was made to it on the ground that there was a statement of facts attached to the submission and award. This point not having been raised at the trial, it is too late to raise it now.

The only question remaining is that of the *conclusiveness* of the award. And the rule that an award at common law is conclusive between the parties to the submission, and can be impeached for fraud only, is too well established to need the citation of authorities in support of it.

Nor does it make any difference that the award is introduced collaterally, if such is the case, instead of being the foundation of the action. It often happens that the remedy is collateral, instead of being direct; but the parties are equally concluded by it.

Thus, upon a bill in equity for the specific performance of

an award for the conveyance of real estate, the terms of the submission need not be set forth, the simple allegation of a submission being sufficient; and the award is conclusive. *Foss* v. *Haynes*, 31 Maine, 81.

So an award, establishing a boundary line between the parties, is conclusive, when introduced in an action of trespass, or in a real action. *Clark* v. *Burt*, 4 Cush., 396; *Goodridge* v. *Dustin*, 5 Met., 363. So, also, is an award determining the title to real estate. *Whitmore* v. *Mason*, 14 Ill., 392. Or the amount of work done under a contract. *Alton Railroad Co.* v. *Northcutt*, 15 Ill., 49. Or the legal construction of a contract. *Porter* v. *Buckfield Branch Railroad*, 32 Maine, 539.

So it has been held that, if parties submit the amount of damages caused by an injury, to an arbitrator, his award is conclusive in an action on the case, subsequently commenced, for negligence in causing such injury. *Bailey* v. *Lechmere*, 1 Esp., 377.

The rulings and instructions in the case at bar were in conformity with these principles; and I think the exceptions should be overruled.