BERNARD FLYNN

v.

LAVINA GARDNER.

| 3 | 253 |
|---|---|
| 98 | ¹ 99 |

1. EVIDENCE—USE OF MEMORANDUM.—A witness may refresh his memory by the use of a memorandum when he recollects having seen the writing before, and while the facts were fresh in his memory, though he has, at the time of testifying no independent recollection of the facts mentioned in it, yet remembers that at the time he saw it he knew the contents to be correct.

2. HUSBAND AND WIFE—TESTIMONY BY.—The statute allowing husband and wife to testify for each other in certain cases, is in derogation of the common law, and parties cannot avail themselves of its privileges unless they come within its provisions.

3. KEEPING BOARDING-HOUSE—SEPARATE PROPERTY OF WIFE.—Under some circumstances, the business of keeping a hotel or boarding-house may perhaps be regarded as the separate property of the wife; but the fact that she makes the contracts for board, and receives the pay therefor, is not sufficient to prove a separate property. The presumption would be, where the husband and wife live together, that the husband is the head of the family, that the expenses were borne by him, and that he received the profits derived from the boarders, and that his wife acted merely as his agent.

APPEAL from the County Court of White county; the Hon. ORLANDO BURRELL, Judge, presiding.

Messrs. JOHNSON & GRAHAM, for appellant; that no proper foundation for the admission of the account book as evidence was laid, cited Rev. Stat. 1874, 489, § 3.

Mr. P. A. PEARCE, for appellee; as to the admission of evidence, cited Rev. Stat. 489, § 5.

BAKER, J.    Lavina Gardner, a married woman, sued Bernard Flynn for rent and for a board bill, and recovered judgment against him in the County Court of White county.

Upon the trial of the case, D. W. Gardner, the husband of appellee, against the objection of appellant, testified as a witness for appellee, for the purpose of establishing both the claim for rent and the claim for board. He was a competent witness as to the rent, for the premises rented were the separate property of the wife; but he should not have been permitted to testify as to matters proving or tending to prove, the demand for board.  We are not prepared to say that the business of keeping a hotel or boarding-house may not in some cases and under some circumstances, be the separate property of the wife, but we are of opinion that this record does not show such a case.    Appellee and her husband were living together as husband and wife and had a family, and appellant and his wife and bookkeeper boarded with them.    It is true    the evidence shows that the wife had charge of the house, and made the contract with appellant for board, and the settlement with him in regard thereto, and received from him all moneys that he paid therefor.    A wife may well, should there be boarders in

the family, make the contracts and settlements with such boarders and collect the pay therefor, and yet all this would not prove any separate property in the wife. The presumption would be that the husband was the head of the family, and that the expenses of the family and of keeping the boarders were borne by him, and that he received and enjoyed, for the use of himself and family, the profits derived from the boarders, and that the wife was merely acting as his agent. The fifth section of chapter 51 of the Revised Statutes of 1874, is in derogation of the common law, and parties cannot avail themselves of its privileges unless they bring themselves within its provisions. The evidence in this record does not rebut the presumption of the law and of our common experience, and establish the fact that this boarding of appellant and his wife was the separate property of the appellee within the meaning of the statute.

The account book of appellee was introduced in evidence, over the objections of appellant. The foundation laid was not such as was required in this State before the law of 1867, which law was a relaxation of the rule. Boyce v. Sweet, 3 Scam. 120. Nor did appellee bring herself within the requirements of the statute. R. S. 1874, p. 289, § 5.

It is urged that the court committed error in permitting appellee, while testifying, to refer to the memorandum book that had been kept by her husband.

She testified on the trial that every time she received any money from appellant she had her husband to set it down; that she could not remember the sums of money paid her—neither the dates, nor the amounts paid, nor the number of payments made by appellant—without referring to the memorandum book; that she stood by her husband and saw him make each entry in the book, and knew them to be correct; that when appellant or his bookkeeper paid her money she went to her husband and told him to set it down.

A witness may refresh and assist his memory by the use of a memorandum or entry in a book when he recollects having seen the writing before, and while the facts were fresh in his memory, and though he has, at the time of testifying, no independent

recollection of the facts mentioned in it, yet remembers that at the time he saw it he knew the contents to be correct. 1 Greenl. Ev. §§ 436, 437.

We are of opinion that this error is not well assigned.

It appears to us to be clear, from the evidence, that on the 1st day of May, 1877, appellant was not indebted for either board or rent, and that a full settlement was made to that date. All payments after that date were made by the clerk of appellant, and there is no discrepancy between the parties as to the amounts paid, except as to the alleged payment of $45, and upon this point we think that the clear·weight of evidence is for appellant; otherwise we cannot reconcile with ordinary human conduct the action of appellee in returning $25 as overpaid. She now claims that appellant was then in debt to her for board, but she made no claim for board at that time, and returned· the money of her own motion, and without any request from the clerk of appellant. It is true that it was part of $60 that had been paid as rent, but if board was then due and unpaid she naturally would have suggested its application to that purpose, instead of going to appellant's bar-room and returning it, with the statement that she had been paid too much.

It is our opinion the finding of the court was manifestly against the weight of the evidence.

The judgment is reversed and the cause remanded.

Reversed and remanded.