## Patrick Sanders
## v.
## Michael Hutchinson.

*Building Contracts—Architect as Umpire—Certificate as Evidence—
Trial—Surprise.*

1.  The parties to a building contract which designates the architect as umpire, are bound by his decision.

2.  In an action by a contractor to recover a balance claimed to be due under such a contract, it is *held*: That the certificate of the architect specifying defects and variances was improperly excluded; and that it was not rendered inadmissible by an item therein contained as to which the architect exceeded his authority.

3.  It *seems* that the architect, in the case presented, should have been permitted to use said certificate as a memorandum with which to refresh his memory.

[Opinion filed May 31, 1888.]

Appeal from the Superior Court of Cook County; the Hon. Elliott Anthony, Judge, presiding.

Messrs. Mason Brothers, for appellant.

The court should have allowed the witness, G. M. Hawks, to refresh his recollection by reference to the written statement dated November 11, 1885. Flynn v. Gardner, 3 Ill. App. 253; Bonnett v. Glattfeldt, 120 Ill. 166; Wharton on Ev., Sec. 523; 1 Greenleaf on Ev. (12th Ed.), Sec. 438; Chicago and Alton R. R. Co. v. Adler, 56 Ill. 344, 348; Marcly v. Shults, 29 N. Y. 346, 351.

The statement itself should have been admitted in evidence, being the decision of the architect and superintendent, selected by the contracting parties to pass upon the merits of the job Taylor v. Renn, 79 Ill. 181, 184; Korp v. Lull, 70 Ill. 420.

The court allowed plaintiff to introduce evidence in rebuttal which properly belonged to his evidence in chief, but refused

to allow appellant to meet this additional evidence. Chillicothe, etc., Co. v. Jameson, 48 Ill. 281.

Mr. THOMAS J. WALSH, for appellee.

McALLISTER, J. This was an action by the appellee, Hutchinson, against appellant, Sanders, upon the common counts in assumpsit, to recover a balance claimed to be due from the latter to the former upon a building contract and for extra work. The plaintiff introduced in evidence a contract under seal between him and the defendant, bearing date July 9, 1885, which he claimed to have performed, and that there was still due of the agreed price some $1,500. He also gave evidence tending to prove extra work. The contract contained the following provisions: "To wit: M. Hutchinson, the party of the first part, agrees to furnish all material of every sort and kind, and perform all labor required to be furnished and performed, in the erection and completion of a building to be built at Woodlawn Avenue, on 63d Street, for the party of the second part, in strict accordance with the plans and specifications drawn and written by G. M. Hawks, architect, in a good and workmanlike manner, and satisfactory to said architect, and the party of the second part, for the sum of five thousand nine hundred and eighty-five dollars, to be paid as the work progresses, in accordance with the certificates of the architect, always reserving fifteen per cent. of the cost of material furnished and labor done from each and every certificate until the whole if completed to the superintendent's satisfaction, when said balance shall be paid to the party of the first part or his heirs.

"P. Sanders, the party of the second part, agrees to pay, or cause to be paid, to the party of the first part, the aforesaid sum of $5,985 in manner above written.

"And it is further agreed between the parties hereto, that should there be any difference of opinion between the parties in regard to the quality of the material used or labor done, that such differences shall be referred to the superintendent, and his decision shall be final, without recourse to any other remedy."

The plaintiff at the trial produced no evidence tending to prove that the building had been erected and completed in accordance with the plans and specifications and to the satisfaction of said Hawks, or that the latter had given him any final certificate to that effect. The plaintiff gave evidence tending to show facts upon which to predicate a legal excuse for not obtaining a final certificate of the architect, but there was a clear preponderance of evidence against him as to such facts.

The defendant set up as a defense by way of recoupment or set-off the non-performance of the contract by plaintiff, claiming damages, and introduced evidence in support of it. Hawks was called as a witness on defendant's behalf to prove such non-performance, and testified that about the time plaintiff surrendered the building as finished, he made an examination of it as to compliance with the plans and specifications, found numerous defects and variances, and thereupon prepared a certificate of dissatisfaction, and in it specified such defects and variances, as follows:

"Chicago, November 11, 1885.

"Deductions made by G. M. Hawks, architect and superintendent of a building at Woodlawn Avenue and 63d Street, of two stories, including basement and a hall in second story, for P. Sanders, Esq., in accordance with the contract made between said Sanders and M. Hutchinson for material and labor not furnished or done in accordance with the plans and specifications and to the satisfaction of the superintendent and owner, as per contract, to wit:

| | | |
|---|---:|---:|
| 5 cords of rubble stone in cellar and area walls, @ $18 per cord......................................... | $90 | 00 |
| 34 feet of area coping and flagging, 3 in. in thickness, at 30 cents per foot........................ | 10 | 00 |
| The floor joist not cambered and brought to an even width, as specified in specifications, worth......... | 25 | 00 |
| The inside and outside studding not brought to an even width as specified........................... | 25 | 00 |
| 30 2x6 rafters in roof, not put in in accordance with the plans and as ordered by the superintendent, 900 feet @ $20 per M........................ | 19 | 20 |

| | | |
|---|---|---|
| Difference between 2x8 and 2x6 ceiling joist in the second story of the building, as shown and figured on sectional drawings, 1,380 feet, @ $20 per M.. | 27 | 60 |
| 34 window frames not made in accordance with the details, drawings, thereby causing damage by cold and dampness, per window $2.................. | 68 | 00 |
| 2 windows in store, including frames, sash, blinds, glass, painting and trimming, @ $15 per window.. | 30 | 00 |
| 1 ornamental blind in front gable not put in, that would cost, in accordance with plans and details.. | 30 | 00 |
| 2 buttresses on platform leading to second story hall, to finish the main entrance stairs, as per agreement with Mr. Sanders............................ | 10 | 00 |
| Damage for plastering being crooked and angles not straight ......................................... | 25 | 00 |
| To 42 days for rent of building and damage for not completing the building on or before the 1st day of October, to the 11th of November, at $10 per day, as per contract.......................... | 420 | 00 |
| Charges for extra superintendence for 32 days @ $5 per day..................................... | 160 | 00 |
| | $939 | 80 |

"G. M. HAWKS,
"*Architect and Superintendent.*"

The witness, having in his hand the original paper so made by him (of which the foregoing was a copy), was about to refer to it to refresh his memory, when the trial judge excluded it for that purpose on the ground that it was not made contemporaneously with the facts. The defendant's counsel offered the said certificate of the architect and memorandum of deficiencies in evidence, but, on objection of plaintiff's counsel, the court excluded it.

After both parties had rested, the court, against the objection of defendant, permitted the plaintiff to introduce four new witnesses to testify to matters belonging to his case in chief, and not rebutting. The defendant then offered to introduce additional witnesses to meet such testimony, but the court would not permit him. No instructions were given to the jury, who returned a verdict against the defendant for $1,000. In support of the motion for a new trial by defend-

Sanders v. Hutchinson.

ant, he introduced affidavits showing surprise by said action of the court by which he was prejudiced. The court overruled the motion, gave judgment, and defendant appealed.

We are of opinion that it was competent for the witness Hawks to refer to the certificate and memorandum which he had made for the purpose of refreshing his memory as to items of deficiencies. It was made upon a personal examination by him as architect and superintendent of the work and materials in the building, and made while the matters were all fresh in his mind. The cases in support of its admissibility for that purpose are too numerous and the doctrine too familiar to justify citations of authority.

But the matter is left by the record so much in obscurity as to there being any reason, need or necessity for the use by the witness of this paper for the purpose of refreshing his recollection, and consequently as to the defendant being prejudiced by the refusal to permit its use, that, if that were the only error in the case, we should be disinclined to reverse.

The second point for reversal made by appellant's counsel is the exclusion by the court of said certificate of the architect from the evidence when offered by the defendant. No question was made on the trial that the contract was not fairly entered into. No objection was made to the certificate of the architect that it was procured by, or in furtherance of, fraud, or that Hawks was not, at the time of making it, still the architect and superintendent of the work contracted to be done. By the contract the plaintiff agreed " to furnish all material of every sort and kind and perform all labor required to be furnished and performed in the erection and completion of a building to be built at Woodlawn Avenue, on 63d Street, for the party of the second part, in strict accordance with the plans and specifications drawn and written by G. M. Hawks, architect, in a good and workmanlike manner, and satisfactory to said architect and the party of the second part, for the sum of $5,985, to be paid as the work progresses, *in accordance with the certificates of the architect,* always reserving fifteen per cent. of the cost of materials furnished and labor done from each and every certificate, *until the whole is completed*

*to the superintendent's satisfaction,* when said balance shall be paid to the party of the first part, or his heirs."

By those provisions, the parties designate an umpire, whose powers are impliedly commensurate with the scope of the matters to be considered and passed upon by him, and agree to abide by his decision. In Tucker v. Butler, 24 Wend. 448, which was a similar case, the court, by Bronson J., said: "But when parties fix on an umpire and agree to abide his decision, neither of them, without the consent of the other, can withdraw the question of performance from the common arbiter for the purpose of referring it to the decision of a jury." The duty confided to the arbiter in such a case requires the exercise of skill and judgment and he has the power of determining everything requisite to the performance of the contract in accordance with the plans and specifications. Smith v. Briggs, 3 Den. 76. And the cases all agree that, in the absence of impeaching circumstances, the finding of such umpire or arbiter is conclusive. Canal Trustees v. Lynch, 5 Gilm. 526; McAvoy v. Long, 13 Ill. 147; McAuley v. Carter, 22 Ill. 53; Railroad Co. v. Spurck, 24 Ill. 587; Wallace v. Holmes, 36 Ill. 156; Alton, etc. R. R. Co. v. Northcott, 15 Ill. 49; Barney v. Giles, 120 Ill. 154.

It necessarily and logically follows, that if in such case it be competent for the umpire to make a decision and give a certificate in favor of the contractor and against the owner, it must be equally competent to give one in favor of the latter and against the former. And if one be admissible in evidence, so must the other be.

We understand from the record that the certificate in the case here was rejected on the ground that the architect, as to one or more items of non-performance or deficiency, exceeded his powers. We think that as to the last item such was the case. But according to the case of Mills v. Weeks, 21 Ill. 596, that is no ground for excluding it altogether, but the jury should be directed to disregard the part as to which the architect exceeded his power.

There was clearly no cause of action shown as respected the balance claimed upon the contract. There was an irregu-

larity at the close of the trial which operated to the prejudice of the defendant by surprise. It being error to exclude the architect's certificate showing non-performance the judgment must be reversed and cause remanded.

*Reversed and remanded.*