Hayden v. Hoxie.

HARVEY S. HAYDEN ET AL.

V.

A. J. HOXIE ET AL.

*Sales—Action for Alleged Balance—Evidence—Use of Memoranda to Refresh Recollection of Witness—Conditions—Instructions.*

1. A writing made, to preserve the memory of a fact, in the presence of the witness who then knew and verified its accuracy, may be used to

refresh the recollection of such witness if he can not, without it, testify as to such facts.

2. Unless the necessity for the use of such memoranda is made to appear by the testimony of the witness himself, it is not error to refuse to admit them.

[Opinion filed December 18, 1888.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. ALLAN C. STORY, for appellant.

Messrs. FRANK J. SMITH & HELMER, for appellees.

GARY, J. This was an action for the balance claimed to be due for lumber sold by appellees to appellants, and which they had received and disposed of. The sale was in Wisconsin, at $10 per thousand feet, on the cars. There was no explicit agreement between appellants' agent and one of the appellees, between whom the bargain was made, as to inspection before loading, but there was conversation which implied that the appellees would have it properly done, and only ship such as would pass as "common or better," and yet the agent of the appellants testifies, "I did not intend to take his (meaning one of the appellees) inspection; I did not calculate to." This intention was not disclosed at the time of the bargain.

There is no question in the case as to the quantity, only as to the quality, of the lumber shipped, and if there were, the record does not sustain the statement in the abstract and the complaint in appellants' brief, that one of the appellees, in testifying to the quantity, read from a copy of a statement rendered to the appellants when one of the appellants was on the stand. The abstract prepared by appellants shows the matter of which they most complain, thus:

"Am in hard wood lumber business, and have been so engaged for about four years; have inspected and understand inspecting same. During winter of 1885–6 we received four cars of lumber from Hoxie & Mellor. There were three grades of it—firsts and seconds, or first and second class, 'common,' and 'mill culls.'

Hayden v. Hoxie.

" Q.   Have you any memorandum, or are you able to say how much there was of each quality ?   A.   I have, in the memorandum, not as firsts and seconds as distinguished from common, but firsts and seconds, and common, as lumber was bought.

" Objected to by plaintiffs' attorney.

" THE COURT:   Without the witness made the memorandum himself at the time, he can not use it.   (Exception by defendants.)

" About half of it was ' common and better,' and the balance ' culls' and ' mill culls.'

" Q.   Have you any memorandum made at the time which will show accurately the amount of each ?   A.   Our records taken at the time show.

" Q.   Were they made in the usual course of business ?   A.   Yes, sir.

" Plaintiffs' object to the memorandum being used.   Objection sustained and exception by defendants.

" Q.   As you inspected it, what was done by way of keeping a memorandum?   A.   A record was entered in our books, and the cull and mill cull was piled separately, and kept separately by itself.

" Q.   Who kept the record ?   A.   It was kept by our bookkeeper.

" Q.   How did he keep his record?   Who called it off?

" THE COURT:   There is no use in following that up, because without the party made a memorandum he can not testify any further about that.

" MR. STORY :   Suppose one handles the lumber and decides what there is, and directs another man to put it down.

' THE COURT.   Your record would not go in evidence then. Without he made a memorandum of it at the time you can not even use it.

" Exception by defendants.

" Q.   Did you see one made at the time and as the lumber was inspected ?   A.   I did.

" Q.   Did you direct it, and do you know whether it is accurate or not?

"A.   I know it was accurate, and I gave instructions to that effect.

"Q.   So you verified it as the inspection proceeded?

"A.   Yes, sir.

"Q.   Have you the original memorandum here that was made?   A.   Yes, sir.

"THE COURT:   Without he made it himself, there is no use taking up any time with it.

"Exception by defendants.

"Q.   I hand you some papers and ask you if you can identify from those the memorandum you have referred to.   A.   There are four of them here, embracing the record of the stock as we unloaded it from the four cars.   They are such as I identified and approved at the time they were made.

"Q.   What do you say as to their being correct at that time?

"A.   They are correct; and I so verified them at that time. I identify them now as the ones then made.

"Q.   I ask the witness to refresh his memory from them.

"Objected to by plaintiffs.   Objection sustained, and exception by defendants.

"Q.   Examine the papers which you have just identified and referred to, and state, if you can, after such examination, exactly what the amount was of each quality of lumber you saw inspected from those four cars.

"Objected to by plaintiffs.   Objection sustained, and exception by defendants.

"Show memoranda, marked 1, 2, 3 and 4, offered in evidence by defendant, and excluded by the court.   Exception by the defendants.   Said memoranda show the quantity and quality of said lumber as per inspection by Harden Bros.

"The value of mill culls in Chicago would be nothing; of culls about nine dollars at that time.

"Fully one-half of the four cars of lumber, other than the 'common and better,' was either mill cull or cull, about the same quantity of each."

The law is that a writing is admissible in evidence in all cases where it was made by the witness at the time of the fact, for the purpose of preserving the memory of it, if, at the time

of testifying, he can recollect nothing further than that he had accurately reduced the whole transaction to writing.    Note 1 to Sec. 437, 1 Greenl. Ev.    This is a rule of common sense, and it can make no difference in principle, whether the witness made the writing himself, or was present at the making of it, and then knew and verified its accuracy.    Flynn v. Gardner, 3 Ill. App. 253.

But it is a part of the rule that the witness can not, without the writing, tell the matter to be proved by the writing; and in practice the same result is often attained by "refreshing the memory" and permitting the witness to read, without putting in evidence, what he once knew and wrote or verified as true, and if then he remembers the facts, he is permitted to testify to what he had forgotten.    Case last cited.    But until it is shown by the witness' own testimony that his memory needs the aid of memoranda to refresh it, there can be no recourse to them.    Young v. Catlett, 6 Duer, 437; Sanders v. Hutchinson, 26 Ill. App. 633.

The necessity of some mode of proving details of arbitrary and isolated facts, which no memory can carry, and which no association of ideas can recall, is the foundation of the rule, and until the necessity appears, the rule does not apply.    It is true, it may be implied from the testimony of the witness— "about half of it was common or better, and the balance culls and mill culls; fully one-half of the four cars of lumber, other than the common or better, was either mill cull or cull, about the same quantity of each"—that he did not recollect with exactness the respective quantities, but he nowhere says that he did not, nor was he asked whether he did or not.    If the court had admitted the memoranda in evidence, it could hardly have been said to be error, but it was not error to refuse to admit them, so long as the necessity was not made expressly to appear.    And the appellant lost nothing by not being permitted to put them in.    The appellees put in the appellants' statement as to the first three car loads, and if the jury (as they did) paid no attention to them, how were the appellants injured by the exclusion of the fourth?    Luke 16, 31.

The instructions fairly put to the jury the question for them to decide.

538    APPELLATE COURTS OF ILLINOIS.

VOL. 27.]    Am. Exch. Nat. Bk. of Chicago v. Chicago Nat. Bk.

They were told, in effect, that if the lumber was of the quality agreed upon, the appellants must pay for it; if not, they should, as to the portion inferior, pay only what it was worth, less their expenses upon it.

There is no error and the judgment is affirmed.

*Judgment affirmed.*