JAMES RYAN *et al.*

*v.*

OTTO MILLER, Surviving Partner.

*Filed at Springfield October 30, 1894.*

1. EVIDENCE—*copy of lost memorandum—when admissible.* A copy, proved to be correct, of a lost memorandum of the quantity of lumber required for a building, is admissible in evidence in connection with the testimony of the witness making it.

2. PROPOSITIONS OF LAW—*may be refused if not based on evidence.* A proposition of law, though sound, should be refused, if not based upon the evidence in the case.

3. MEASURE OF DAMAGE—*for breach of building contract.* An owner who breaks his contract for the construction of a building, cannot, in a suit by the contractor to recover lost profits, claim any deduction for the less time the builder is employed, unless he shows affirmatively that such contractor got, or could have gotten, other employment.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. JESSE J. PHILLIPS, Judge, presiding.

Mr. LEVI DAVIS, Jr., and Messrs. BROWN, WHEELER & BROWN, for the appellants :

Books of account are not admissible to prove matters collateral to an issue of debt and credit between the parties. *Palmer* v. *Goldsmith,* 15 Ill. App. 544; *Sanford* v. *Miller,* 19 id. 536.

Messrs. CONKLING & GROUT, for the appellee :

Propositions of law, like instructions, should be pertinent to the proofs. *Wadhams* v. *Swan,* 109 Ill. 55.

To secure deductions for time saved by appellee, appellant must produce evidence. *Brown* v. *Board of Education,* 29 Ill. App. 572 ; *School District* v. *Stilley,* 36 id. 133 ; *Howard* v. *Daley,* 61 N. Y. 362 ; *Costigan* v. *Mohawk, etc.* 2 Denio, 609 ; *Oldham* v. *Kerchner,* 28 Am. Rep. 308, and note.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was a suit in assumpsit, brought by Herman El-shoff and Otto Miller, co-partners under the firm name of Elshoff & Miller, to recover damages for breaches of a contract, by which, in consideration of the sum of $25,960, to be paid them by the defendants, the plaintiffs agreed to furnish all necessary labor and material, and to erect and complete, in the city of Springfield, a two-story and attic and basement brick residence for the Right Reverend James Ryan, Bishop of Alton, according to certain plans and specifications set forth in the contract. The plaintiffs, after making the contract, entered into sub-contracts with various parties for material to be used in the building, caused necessary excavations to be made, put in sewers and connections with water mains, and made preparations for the further performance of the contract, when the defendants, without any sufficient reason or cause for which the plaintiffs were responsible, directed the plaintiffs to discontinue the work, and refused to proceed further with the erection of the building.

The defendants subsequently paid the plaintiffs for all work actually done and for all outlays actually made, with the exception, perhaps, of one item of $60 paid by the plaintiffs for a vault door. The claim of the plaintiffs for damages therefore consists of the loss of anticipated profits which they allege would have accrued to them from the performance of the contract according to its terms. After the suit was commenced, Herman Elshoff died, and thereafter the cause was prosecuted in the name of Otto Miller, as surviving partner. The defendants pleaded *non assumpsit*, and at the trial, which was had before the court, a jury being waived, the issues were found for the plaintiff and his damages were assessed at $2657, and for that sum and costs the plaintiff had judgment. On appeal to the Appellate Court the judgment was affirmed, and the defendants now appeal to this court from the judgment of affirmance.

The sole controversy at the trial related to the amount of the damages which the plaintiff was entitled to recover. Accordingly, as bearing upon that question, a large amount of evidence as to the cost of furnishing the necessary labor and material in performing various parts of the work was introduced, much of it quite conflicting in its character. But as all controverted questions of fact are settled by the judgment of the Appellate Court, we are not called upon to review the evidence, but must assume that, upon all those questions, the finding of the trial court was in accordance with the preponderance of the evidence.

The defendants claim that the trial court erroneously admitted in evidence the entries contained on a certain page of the book of Vredenburg, a lumber dealer. Miller, the plaintiff, while being examined as a witness in his own behalf, for the purpose of showing the quantity, character and value of the lumber required for the erection of the house in question, testified, among other things, that when figuring upon the cost of the building he made out a memorandum of all the lumber required, which had been lost, so that it could not be produced, but that he went with it, after he had made it, to Vredenburg's lumber yard, and that it was there copied into Vredenburg's book, and that the copy thus made was then and there compared with the original and found to be correct. Vredenburg testified, in substance, that the memorandum in his book, and which the defendants admit is the same one referred to by the plaintiff, was in the handwriting of one of his employees; that after it had been entered in the book, he, Vredenburg, extended the prices of the various items of lumber therein contained in figures, and footed up the total amount, in his own handwriting, and, in connection with the memorandum, he testified to the total cost or value of the bill of lumber there appearing. The plaintiff then offered the page of the book in evidence, and the court ruled that it might go in as a memorandum

in connection with Vredenburg's testimony, it being a memorandum made by him.

We are unable to see that there was any prejudicial error in this ruling. The memorandum was certainly proper in connection with Vredenburg's testimony, and as the trial was before the court without a jury, it will be presumed that the court considered it only for the purpose for which it was competent, and gave it no weight or consideration as tending to prove any other fact.

A point was made in the Appellate Court upon the refusal of the trial court to permit witness White to give an opinion as to the certainty with which any calculation of profit upon a piece of work like that in question can be made, but as the point is not renewed or insisted upon in this court, we assume that the defendants are content with the disposition made of it by the Appellate Court, and, consequently, do not deem it necessary to devote any time to its consideration.

The next and only remaining proposition submitted by counsel for the defendant is, that the trial court erred in refusing to hold as the law in the decision of the case, the following proposition submitted by them:

"The measure of damages in this case is, the difference between the cost of doing the work and furnishing the material, and what the plaintiffs were to receive therefor, making a reasonable deduction for the less time the plaintiffs were engaged by reason of the defendants refusing to allow them to complete the contract, and also a reasonable deduction for the release of the plaintiffs from the care, trouble, risk and responsibility attending a full execution of the contract."

Whatever may be said as to the soundness of the rules of law thus sought to be invoked, the trial court properly declined to adopt those embraced in the latter part of the foregoing proposition, or to apply them in the decision of this case, because there was no evidence before him upon which he could act in making such application. The

defendants could not ask for a mitigation of the plaintiffs' damages on the ground that the plaintiffs were relieved from employing their time in and about the performance of the contract, without showing affirmatively that they either had, or by the exercise of reasonable diligence could have, employed their time in some other work, and the wages or profits which they had or might have thus made. No attempt whatever was made to introduce any evidence on that point, and there was therefore no basis for a mitigation of damages by charging the plaintiffs with the results of their labor in other employments during the time that would have been spent in the performance of their contract with the defendants.

Nor was any evidence adduced, other than that appearing upon the face of the contract itself, that the performance of the contract would involve care, trouble, risk or responsibility, and there was no evidence, even if it should be admitted that evidence on that subject would be competent, as to the money value of being relieved therefrom. The evidence furnishes no basis upon which the value to the plaintiffs of their exemption from the care, trouble, risk and responsibility attending the performance of the contract could be estimated, and any attempt by the court to reduce the plaintiffs' damages by setting off the money value of such exemption would have been the merest guess, and would have had no support from the evidence.

We are able to find no error in the record, and the judgment of the Appellate Court will therefore be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS, having heard this case in the circuit court, took no part in its decision here.