## William S. Merritt v. Frank Bush.

### Gen. No. 4,511.

1. BOOKS OF ACCOUNT—*when copy of, competent.* Where the original books of account are shown to have been lost, a copy thereof, duly established, is competent.

2. REMARKS OF COURT—*when improper.* Remarks of the trial judge which in effect direct the attention of the jury to a supposed contradiction in the testimony of a witness, are improper.

3. GIFT—*when burden of proof upon defendant to establish.* Where an action is brought to recover for the value of merchandise alleged to have been sold and delivered to the defendant, the burden of proof is upon the defendant to establish the defense interposed that such merchandise, or a part thereof, was a gift or donation.

Action commenced before justice of the peace. Appeal from the County Court of Peoria County; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the April term, 1905. Reversed and remanded. Opinion filed August 1, 1905.

DAILEY & MILLER, for appellant.

PINKNEY & McROBERTS, for appellee.

MR JUSTICE FARMER delivered the opinion of the court.

This suit was begun by appellant in a justice court to recover $118 he claimed was due him from appellee for meats, poultry and vegetables furnished appellee. He recovered a judgment in that court and appellee appealed to the County Court, where the trial resulted in a judgment for appellee, from which this appeal is prosecuted. Appellant was engaged in buying and selling old barrels and boxes. He was on very friendly terms with appellee and his family, and the articles he claims to have sold them were secured while he was prosecuting his regular business. He claimed the articles were furnished appellee at dates between January 4, 1902, and March 12, 1904, and were of the value of $156.50. Appellee's defense was that the articles had been paid for, also that they, or some of them, were gifts or presents to the family. As this case

must be reversed and remanded for another trial, we express no opinion as to the merits.

Appellant on the trial testified he kept an account of all the items furnished appellee and the prices in a book he carried, and that these entries were made by him on the same day the transaction occurred, that the book contained a complete account of these transactions with appellee, and that it was a book of original entries and was true and correct. He further testified the book had been lost and he was unable to produce it at the trial, but offered a copy of it which had been made for him by a teacher of stenography who did some work for appellant occasionally. Both the stenographer and appellant testified the copy was compared by each of them carefully with the book and was a true and correct copy therefrom. Appellant offered in evidence this copy. Appellee objected to its competency and the court sustained the objection. We are of opinion the court erred in so ruling. The testimony was clear that the copy was an exact copy of the items contained in the book and that the book was lost. The copy was made about the time the appellant placed the claim in the hands of attorneys for collection, and we see no suspicion in the evidence that it was made for the purpose of being used as evidence in place of the book. The copy should have been admitted in evidence. Ryan v. Miller, 153 Ill. 138; 9th Am. & Eng. Ency. of Law, 920; Holmes v. Marden, 12 Pick. 169; Rice v. Hodge, 26 Kan. 164. The court permitted appellant while on the witness stand to use this copy to refresh his memory while testifying, and from it he testified to the entire contents of the paper, and after having gone over the items in this way, when asked what the total was, he was, on objection by appellee, not permitted to state. The court having refused to permit the paper to go to the jury, and it containing a large number of small items covering a period of more than two years, it was not possible that the jury could retain these matters in their minds so as to enable them, if they had desired to do so, to arrive at the total amount. Allowing appellant to testify to these items from the paper and re-

fusing to allow him to give the total amount did not, therefore, obviate the error in refusing to allow the paper in evidence.

On direct examination appellant testified he remembered what goods he furnished and delivered to appellee. He further testified that some of these deliveries were made at appellee's father's place of business, some of them at appellee's office and occasionally at his residence. On cross-examination he stated he could not remember to whom he delivered all the articles, and was then asked by counsel for appellee if he had not on direct examination stated that he had a memory independent of the paper of the transactions, and whether he remembered the things contained in the copy of the book without the use of the paper, to which he replied he could not. The court then remarked, "He stated he had an independent recollection and now he says he has not. I shall leave it to the jury to decide what weight shall be given to the evidence." We think this remark by the court quite prejudicial and it should not have been made. It might be that appellant remembered in a general way the transactions but could not remember them in detail without the use of the paper, and the value of his testimony should have been left to the jury uninfluenced by any remarks of the court that might tend to prejudice the witness. From these remarks the jury might understand that the court was of opinion the witness had contradicted himself, and that they were to consider such contradiction in weighing the testimony. If this were true, the jury should have been left to determine the weight of the testimony uninfluenced by the remarks of the court.

Appellant asked the court to instruct the jury that if appellee claimed the difference between the value of the goods and the amount paid him was a gift from appellant, that the burden was on appellee to prove such gift by the greater weight of the evidence. This instruction we think under the proof, appellant was entitled to, and it should have been given. Especially is this so in view of the fact

that at appellee's request the court instructed the jury that if appellant intended the goods as a gift or donation to the appellee or his family, then he could not recover.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*