## Davis Bros., Appellees, v. Vandalia Railroad Company, Appellant.

1. EVIDENCE—*when books not of original entry competent.* *Held,* that the so-called day book in which the plaintiffs entered the weights of grain at the time of loading the same, although not strictly speaking original entries, was nevertheless competent.

2. EVIDENCE—*when memoranda competent.* *Held,* that memoranda purporting to show weights were competent where the witnesses who made such memoranda had no independent recollection of the transactions.

3. EVIDENCE—*how accuracy or inaccuracy of scales cannot be shown.* The accuracy or inaccuracy of scales cannot be shown by evidence of their condition long after their use in the transaction in question.

4. EVIDENCE—*what not proper cross-examination.* Cross-examination is not proper which seeks to interrogate with respect to matters not inquired about upon direct.

5. COMMON CARRIERS—*burden to establish assent to conditions restricting liability.* The burden is upon the carrier to show that the shipper assented to such conditions.

Action commenced before justice of the peace. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 15, 1912.

OUTEN, EWING, McCULLOUGH & WEIRMAN and E. J. MILLER, for appellant.

MARION WATSON and JACK, DECK & WHITFIELD, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

Upon appeal from a justice of the peace this case was tried in the Circuit Court, where the plaintiffs recovered judgment upon the verdict of a jury for $112.19. The defendant appeals.

The evidence shows that the plaintiffs operated a grain elevator at Fairbanks, a station upon the de-

fendant's railroad; that at such station the defendant maintained neither a depot, station agent nor scales; that during June, 1908, the plaintiffs shipped five cars of corn from Fairbanks to Cincinnati over the defendant's railroad; that there being no scales or agent at Fairbanks, the plaintiffs themselves weighed the corn as it was loaded into the cars, upon the hopper scales used at their elevator, and prepared the bills of lading, which were afterward signed by the agent of the defendant at Arthur. The plaintiffs claim that when said cars arrived at their destination they contained about 172 bushels less corn than had been loaded into them at Fairbanks. They seek in the present action to recover the market value at Cincinnati of the corn which they claim the defendant thus failed to deliver, predicating such right upon paragraph 118 of chapter 114 Hurd's Revised Statutes, which in part provides that railroad corporations shall receive and transport grain in bulk within a reasonable time; that when such grain is received by it for transportation it shall carefully and correctly weigh the same and issue to the shipper thereof a receipt or bill of lading for such grain, in which shall be stated the true and correct weight; that it shall weigh out and deliver to the consignee at the place of delivery, the full amount of such grain, without any deduction for leakage, shrinkage or other loss in the quantity of the same, and in default of delivery of the full amount of such grain, shall pay to the person entitled thereto, the full market value of any such grain not delivered, at the time and place when and where the same should have been delivered; that upon the neglect or refusal of such railroad corporation to weigh and receipt for any grain as aforesaid, the sworn statement of the shipper or his agent having personal knowledge of the amount of grain so shipped, shall be taken as true as to the amount so shipped; and in case of the neglect or refusal upon delivery by such railroad corporation of any grain to

weigh the same as aforesaid, the sworn statement of the person to whom the same was delivered, or his agent having personal knowledge of the weight thereof, shall be taken as true as to the amount delivered; that if by such statements it shall appear that such corporation has failed to deliver the amount so shown to be shipped, it shall be liable for the shortage, and shall pay to the person entitled thereto the full market value of such shortage at the time and place when and where the same should have been delivered.

The evidence offered by the plaintiffs tended to show that as the grain was loaded into the cars, it was weighed upon the hopper scales; that each car-load was made up of three separate drafts, and memoranda made upon slips of paper; that such weights were transferred from the slips of paper to the day-book and the slips then destroyed. Such day-book was admitted in evidence upon the trial, over the objection of the defendant. The plaintiffs admit that at the time the weights were inserted in several of the bills of lading they did not insert the exact weights as shown by the scales, but that in specifying the same they were governed by the marked capacity of the car.

They insist, however, that the memoranda entered upon the day-book showed the correct weights. We think that the evidence adduced by the plaintiffs was sufficient to sustain the verdict, and are further of opinion that the court did not err in its rulings as to the admissibility of evidence.

The so-called day-book, in which the plaintiffs entered the weights of the grain at the time of loading the same, although not strictly speaking original entries, was nevertheless competent. Redlich v. Bauerlee, 98 Ill. 134. Neither was it error to admit the memoranda made by the witnesses Roach and Richter, purporting to show the weights of the cars upon their arrival at Cincinnati, notwithstanding the witnesses had no independent recollection of the transaction.

Chisholm v. Beaman, 160 Ill. 101; Ryan v. Miller, 153 Ill. 138; Watte v. Costello, 40 Ill. App. 307; Hayden v. Hozie, 27 Ill. App. 533.   While there was some evidence tending to show that the accuracy of the hopper scales used by the plaintiffs had never been properly tested prior to the time they were so used, the jury was not unwarranted in finding to the contrary.   The defendant complains that it was not permitted to prove that inspection of such scales several months thereafter disclosed that the same were not in plumb and therefore unreliable, or to introduce in evidence records showing what the corn weighed at Terre Haute while *en route.* The condition of the scales long after their use in the present instance and the weight of the grain at Terre Haute was clearly immaterial, and the evidence in question was not improperly excluded.   The court did not err in refusing to permit the defendant to interrogate the plaintiff, John Davis, upon his cross-examination, as to the condition of the cars at the time he loaded the grain, for the reason that the witness had not been interrogated relative thereto upon his direct examination.

We find no error in the instructions given by the court at the request of the plaintiffs.   They in effect state the provisions of the statute upon which the plaintiffs base their right to recover, and correctly state the effect thereof when applied to their contention as to the facts.   It is strenuously insisted that said instructions are erroneous in that they authorize a recovery without regard to the restrictive conditions of the bills of lading, which require that claims of this character shall be presented to the agent of the defendant at the point of delivery, within a specified time; provide that the carrier shall not be liable for differences in weight or for shrinkage of grain carried in bulk, and further that the carrier shall not be liable for loss or damage to property if such loss occurs be-

yond its own line. Where a contract limiting the liability of a carrier is contained in a bill of lading constituting both a receipt and a contract, the burden is upon the carrier to show that the shipper assented to the terms and conditions of the contract, and the question as to whether or not he did so consent is one of fact for the jury. Wabash R. R. Co. v. Thomas, 222 Ill. 337; Kirby v. R. R. Co., 242 Ill. 418. There was no proof tending to show that the plaintiffs in the present case assented to the restrictions and conditions of the bill of lading, other than such inference as might be drawn from the fact that they filled the blanks in the forms furnished by the defendant after having had such forms in their possession and an opportunity to examine the contents of the same. This alone was insufficient to warrant the jury in finding that the plaintiffs understood and assented to the terms and conditions of the bills of lading. The defendant offered no instructions as to the effect of the restrictive clauses, and the attention of neither the court nor jury was directly called to them. We do not think it was prejudiced by the failure to refer thereto in the instructions given in behalf of the plaintiffs.

The judgment of the Circuit Court is affirmed.

*Affirmed.*